(October 14, 1986)

■ CLIFFORD CHIARI et al., Respondents, v MICHAEL D'ANGELO et al., Defendants, and ALEXANDER LASKARIS, Appellant. —In an action to recover damages for an intentional tort, the defendant Alexander Laskaris appeals from an order of the Supreme Court, Nassau County (Levitt, J.), dated May 21, 1985, which, after a hearing to determine the validity of the plaintiffs' service of a verified summons and complaint, held that service was properly effectuated on him and denied his motion to dismiss the complaint as against him on the ground of improper service.

Ordered that the order is reversed, on the law, with costs, and the appellant's motion to dismiss the complaint as against him on the ground that service of process upon him was invalid is granted.

It is well settled that neither the term "dwelling place" nor "usual place of abode" may be equated with the "last known residence" of a defendant for purposes of substituted service pursuant to CPLR 308 (2) or CPLR 308 (4) (see, Feinstein v Bergner, 48 NY2d 234, 239; Ladell v Field, 114 AD2d 1010, 1011; Burkhardt v Cuccuzza, 81 AD2d 821, 822; Chalk v Catholic Med. Center, 58 AD2d 822). The record is clear that service upon a person of suitable age and discretion was not made at the defendant's dwelling place or usual place of abode. Nor does the record contain sufficient evidence of an admissible nature to warrant a finding that the appellant engaged in affirmative conduct calculated to prevent the plaintiffs from learning of his new address so as to estop the appellant from raising the defect in service as a defense (see, Feinstein v Bergner, supra, at p 241; cf. Kramer v Ryder Truck Rental, 112 AD2d 194; McNeil v Tomlin, 82 AD2d 825).

Inasmuch as potential defendants ordinarily have no obligation to keep potential plaintiffs appraised of their whereabouts (see, Feinstein v Bergner, supra, at p 243; Community State Bank v Haakonson, 94 AD2d 838), we find no basis for invoking the estoppel doctrine here. Moreover, "[a]ctual notice

alone will not sustain the service or subject a person to the court's jurisdiction when there has not been compliance with prescribed conditions of service" *(Markoff v South Nassau Community Hosp.,* 61 NY2d 283, 288). Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.