■ ALLEN DAVID, Appellant, v GLENN MOYER et al., Respondents.—In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Golden, J.), dated April 20, 1987, which canceled a notice of pendency of the action filed on December 19, 1986.

Ordered that the order is affirmed, with costs.

The nail and mail service of the summons and complaint at the last known address of the defendant Glenn Moyer (the only party purportedly served) was jurisdictionally defective under CPLR 308 which requires such service to be made at the person's "actual place of business, dwelling place or usual place of abode". Glenn Moyer had moved to California a month before service was attempted.

"The 'nail and mail' provision of the CPLR permits a plaintiff to mail duplicate process to the defendant at his last known residence, but clearly requires that the 'nailing' be done at the defendant's 'actual place of business, dwelling place or usual place of abode' " (Feinstein v Bergner, 48 NY2d 234, 239). The record herein fails to indicate that Glenn Moyer engaged in conduct designed to prevent the plaintiff from discovering his new address (see, Chiari v D'Angelo, 123 AD2d 655). Moreover, a hearing to determine the propriety of the service was not required since the contention that Glenn Moyer had moved to California prior to the "nailing" was uncontroverted (see, Community State Bank v Haakonson, 94 AD2d 838).

Since we affirm the order of the Supreme Court on jurisdictional grounds, we do not reach the defendants' remaining contentions. Kunzeman, J. P., Kooper, Spatt and Sullivan, JJ., concur.