■ DIANE CUOMO, Respondent, v CARMELA CUOMO et al., Defendants, and LOUIS OSZART et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendants Oszart appeal from an order of the Supreme Court, Queens County (Zelman, J.), dated January 21, 1988, which after a hearing, struck their affirmative defense of lack of personal jurisdiction.

Ordered that the order is reversed, on the law and the facts, with costs, the affirmative defense is sustained, and the complaint is dismissed insofar as it is asserted against the defendants Oszart.

On April 18, 1983, the parties were involved in a motor vehicle accident. At that time, the defendant Grace Oszart indicated her address to be 132-30 88th Street, Ozone Park, New York. The defendants Oszart moved from that address to Howard Beach on September 9, 1983. On January 30, 1985, the process server left copies of the summons and complaint with a person of suitable age and discretion at the Ozone Park address and thereafter mailed copies of the papers to that address.

Initially, we find that the appellants are not estopped from contesting the validity of the service of process as not being made at their actual dwelling place or usual place of abode *(see,* CPLR 308 [2]). At the time of the accident, the appellants did, in fact, reside at the address which the defendant Grace Oszart had reported to the police. Although the premises were subject to a contract of sale, title did not close and appellants did not move therefrom until September 1983, five months after the accident. The plaintiff has failed to demonstrate that

the appellants engaged in any conduct which was calculated to prevent the plaintiff from ascertaining their new address. Indeed, the appellants consistently informed the New York State Department of Motor Vehicles and their insurance company of subsequent changes in their address. Inasmuch as the appellants did not proffer an incorrect address at the time of the accident and ordinarily have no obligation to keep potential plaintiffs apprised of their whereabouts, we find no basis upon which to invoke the doctrine of estoppel *(see, Feinstein v Bergner,* 48 NY2d 234, 241-242; *Chiari v D'Angelo,* 123 AD2d 655; *cf., Kramer v Ryder Truck Rental,* 112 AD2d 194; *cf., McNeil v Tomlin,* 82 AD2d 825).

We find that the purported service was ineffective as the plaintiff failed to comply with the specific mandates of CPLR 308 (2). It is well settled that the terms "dwelling place" and "usual place of abode" may not be equated with the "last known residence" of a defendant for purposes of substituted service pursuant to CPLR 308 (2) *(see, Feinstein v Bergner, supra,* at 239; *Chiari v D'Angelo, supra).* The record is clear that the summons and complaint were left with a person of suitable age and discretion at the appellants' last known address rather than at their actual dwelling place or usual place of abode. The appellants' testimony that they had moved from the premises about two years prior to the attempted service and had no further contact therewith was unrefuted. Therefore, the service of process was improper, the appellants' affirmative defense of lack of personal jurisdiction should not have been stricken, and the complaint should have been dismissed as against the appellants. Kunzeman, J. P., Weinstein, Kooper and Balletta, JJ., concur.