■ CARILLION REALTY CORPORATION, Appellant, v STATE OF NEW YORK, Respondent. (Claims Nos. 80047, 80048.) [623 NYS2d 146] —In a claim to recover damages for the condemnation of the claimant's property, the claimant appeals from an order of the Court of Claims (Weisberg, J.), entered August 24, 1993, which denied its motion for partial summary judgment on the issue of whether the defendant's taking has rendered the claimant's remaining parcel landlocked.

Ordered that the order is affirmed, with costs.

We agree with the factual determination of the Court of Claims to the effect that the claimant's property is not now, and has never been, landlocked as a result of the taking (see, Van Valkenburgh v State of New York, 131 AD2d 903; cf., Wolfe v State of New York, 22 NY2d 292; Matter of County of Schenectady [Pahl], 194 AD2d 1004). Bracken, J. P., Sullivan, Miller and Goldstein, JJ., concur.

■ GAIL CAVE, Respondent, v AGNES SPANIER et al., Appellants. [623 NYS2d 147] —In an action to recover damages for breach of contract, conversion, and fraud, the defendants appeal from an order of the Supreme Court, Westchester County (Burrows, J.), dated October 7, 1993, which denied their motion to dismiss the complaint dated June 11, 1993.

Ordered that the order is affirmed, with costs.

The defendants contend that the dismissal of the prior complaint dated July 14, 1992, for failure to prosecute the action precludes the plaintiff from invoking CPLR 205 (a), which allows a plaintiff to commence a second action based on the same transaction or occurrence as the first action within six months of the termination of the first action. Since none of the Statutes of Limitation governing the various causes of action asserted in the second complaint dated June 11, 1993, had expired as of the date of the commencement of the second action, it was not necessary for the plaintiff to rely on CPLR 205 (a) to extend the time in which to bring the second action. Bracken, J. P., Rosenblatt, Lawrence, Krausman and Goldstein, JJ., concur.