OPINION OF THE COURT
Anthony J. Carpinello, J.
Respondents, the Assessors of the Town of Hurley, Ulster County, move to dismiss the instant tax certiorari proceeding as the result of petitioner’s failure to comply with CPLR 306-b (a). This section provides that in a "proceeding where the applicable statute of limitations is four months or less * * * proof of service must be filed not later than fifteen days after the date on which the applicable statute of limitations expires.” This section additionally provides that "[i]f proof of service is not filed and there has been no appearance by the defendant within the time provided in this section for filing proof of service, the action * * * shall be deemed dismissed as to the non-appearing party with respect to whom no proof of service has been filed, without prejudice and without costs.”
Petitioner maintains that this proceeding is controlled solely by RPTL 704 and 708, which set forth the requirements for commencement of tax certiorari proceedings and do not independently require the petitioner to file proof of service. According to petitioner, the RPTL is exclusive, and the CPLR cannot be found to impose an additional requirement for service of process not also found in the RPTL. For the reasons set forth below, this court concludes that CPLR 306-b applies to tax certiorari proceedings commenced under RPTL article 7 and that the petition herein was dismissed by operation of law when proof of service was not filed in accordance with CPLR 306-b.
As a preliminary matter, it is important to take note of the Statute of Limitations applicable to proceedings brought under RPTL article 7. Section 702 (2) provides that an article 7 proceeding "shall be commenced within thirty days after the final completion and filing of the assessment roll containing *389 such assessment. For the purposes of this section an assessment roll shall not be considered finally completed and filed until the last day set by law for the filing of such assessment roll or until notice thereof has been given as required by law, whichever is later.” Pursuant to RPTL 516 (1), the last day for filing the assessment roll is July 1. For that reason, the instant article 7 tax certiorari proceeding had to have been commenced on or before August 1, 1994 in order to comply with the 30-day Statute of Limitations, as July 31, 1994 fell on a Sunday.
The facts in this case are essentially undisputed. Petitioner purchased an index number and filed his notice of petition and petition on July 28, 1994. A copy of the notice of petition and petition was served on respondents on July 29, 1994. Proof of service was filed on August 31, 1994. Respondents maintain that in order to comply with CPLR 306-b, petitioner’s proof of service would have to have been filed by August 16, 1994 and that the failure to timely file proof of service resulted in a dismissal of the instant petition by operation of law.
By its own terms, the CPLR governs "the procedure in civil judicial proceedings in all courts of the state and before all judges, except where the procedure is regulated by inconsistent statute” (CPLR 101). Further, the CPLR applies to "actions” and "special proceedings” equally; indeed, CPLR 105 provides that "[t]he word 'action’ includes a special proceeding; the words 'plaintiff and 'defendant’ include the petitioner and the respondent, respectively, in a special proceeding; and the words 'summons’ and 'complaint’ include the notice of petition and the petition, respectively, in a special proceeding.”
Petitioner points out that RPTL article 7 contains extremely detailed provisions regarding commencement of a tax certiorari proceeding. It is important to note, however, that these detailed provisions were recently amended. Up until July 26, 1994, two days before the instant proceeding was commenced, RPTL 704 provided that an article 7 proceeding was commenced by service of the petition and notice of petition upon the officers designated in RPTL 708. This was in stark contrast to CPLR 304, which, since July of 1992, has provided that an action is commenced by filing the summons and complaint with the clerk in the county in which the action is brought. The RPTL was not similarly amended at that time, so that from July of 1992 through July of 1994, the
*390 CPLR and the RPTL were in direct conflict, with the former providing that an action was commenced by filing and the latter providing that a tax certiorari proceeding was commenced by service on those parties designated by statute. Thus, in Matter of McDonald’s Corp. v Assessor for Town of Hancock (159 Misc 2d 335 [1993]), the court was called upon to decide whether CPLR 305 (a), which provides that a summons must bear the index number and the date of filing with the County Clerk, applied to petitions brought under RPTL article 7. Because the RPTL, as it then read, was directly inconsistent with the newly amended CPLR, the court found that CPLR 304 et seq. were inapplicable to tax certiorari proceedings (supra, at 337).
This all changed in 1994, however. Effective July 26, 1994, RPTL 704 was amended to bring it into line with the CPLR. The statute, as amended, reads that "[a]ny person claiming to be aggrieved by any assessment of real property upon any assessment roll may commence a proceeding under this article by filing a petition * * * in the manner set forth in section three hundred four of the civil practice law and rules” (emphasis added). Further, RPTL 702 was amended to provide that "[i]f it appears upon the answer that the petition * * * [was] not filed * * * within the time limited therefor, such failure to file * * * the petition * * * within such time shall constitute a complete defense to the petition and the petition must be dismissed.” As the petition at issue in the instant proceeding was filed in the office of the Ulster County Clerk on July 28, 1994, two days after the effective date of the amendments to the statute, it is the amended RPTL 704 that applies to this case.
In light of these recent amendments, respondents contend that the petitioner’s failure to comply with CPLR 306-b resulted in the dismissal of the petition by operation of law on August 17, 1994, which is the day following the expiration of the 15-day period set forth in the statute for filing of proof of service.
There is no provision in the RPTL that contradicts CPLR 306-b in any way. Indeed, as noted above, the recent amendments to RPTL article 7 evince an intention to bring the RPTL into line with the CPLR, providing explicitly that tax certiorari proceedings are commenced by the filing of the petition and notice of petition. There is no "inconsistent statute” (CPLR 101) that would render the CPLR inapplicable. *391 If anything, the recent amendments to the RPTL have confirmed that the method of commencement of a tax certiorari proceeding is now expressly governed by the requirements set forth in the CPLR. There is no basis for concluding that the requirements of CPLR 306-b do not apply to the instant tax certiorari proceeding.
Petitioner’s contention that RPTL 712 compels a different result must be rejected. This section requires the respondent to answer a petition at least five days prior to the return day of the petition, but also provides that if the respondent fails to serve such answer within the required time, the allegations of the petition are deemed denied. Petitioner argues that applying CPLR 306-b to tax certiorari proceedings creates an "incongruity”, as a dismissal pursuant to this section must be based in part upon there having been "no appearance by the defendant within the time provided in [CPLR 306-b] for filing proof of service.” According to petitioner, because respondents were not required to make a formal appearance within the statutory period in order to protect their rights, it is somehow unjust to allow the respondents to rely upon CPLR 306-b as a basis for deeming the petition dismissed. However, any injustice or incongruity in that regard is a matter for the Legislature, and not this court. At this juncture the court is bound by the fact that CPLR 306-b is not inconsistent with RPTL article 7 and, for that reason, is applicable to the instant proceeding. In light of the Appellate Division’s decision in Matter of Barsalow v City of Troy (208 AD2d 1144), the court concludes that this proceeding was dismissed by operation of law on August 17, 1994, the day following the petitioner’s failure to file proof of service in accordance with CPLR 306-b.
Notwithstanding the foregoing, this court is mindful of the decision of the Court of Appeals rendered in the case of Matter of Great E. Mall v Condon (36 NY2d 544), which also involved proceedings to review tax assessments under RPTL article 7. In that case, the Court noted that " '[t]he Tax Law relating to review of assessments is remedial in character and should be liberally construed to the end that the taxpayer’s right to have his assessment reviewed should not be defeated by a technicality.’ ” (Supra, at 548, quoting People ex rel. New York City Omnibus Corp. v Miller, 282 NY 5, 9.) Indeed, that view is mandated by CPLR 2001 and 3026, which are applicable to these article 7 proceedings (36 NY2d, supra, at 548). If all of the procedural requirements of the CPLR which are not inconsistent with the RPTL are to be applied to tax certiori *392 proceedings, then all of the ameliorative provisions of the CPLR shall be applied as well.
The parties’ attention is directed to CPLR 205 (a), which provides for a six-month extension for recommencement of actions (or proceedings) notwithstanding the fact that the Statute of Limitations may have otherwise run. One commentator, relying on the legislative history to the recent amendments to CPLR 205 (a), argues that the six-month extension applies to situations involving a failure to timely file proof of service under CPLR 306-b (a) (see, Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C205:A, 1995 Supp Pamph, at 52).
Further, even though the proceeding is deemed dismissed as of August 17, 1994, Supreme Court Justice Joseph C. Teresi, to whom this proceeding was previously assigned, by letter dated December 30, 1994, specifically refused to deem the matter dismissed and directed that the petition would not be dismissed in the absence of a motion to dismiss and an order being entered thereon. A litigant should not be prejudiced by relying upon a directive of the court. Accordingly, counsel for the petitioner shall have six months from the date of this decision to avail himself of the provisions of CPLR 205 (a). Petitioner need not purchase a new index number.