*76 OPINION OF THE COURT
Herbert Kramer, J.
Motion by defendants, Cherry Valley Realty Corp. and Cherry Valley Club, Inc., for an order dismissing this action pursuant to CPLR 3211 is denied and the cross motion by plaintiff for an order permitting entry of a default judgment pursuant to CPLR 3215 is denied, and, further, the cross motion by defendants for an order extending their time to answer pursuant to CPLR 2004 is granted only to the extent of permitting defendants to serve an answer within 30 days of the date of this decision and order.
In this proceeding, plaintiff seeks recovery for personal injuries resulting from a fall in the premises owned and operated by the defendants. Plaintiff filed an initial summons and complaint with the County Clerk on May 5, 1994, and served it on the defendants on May 12, 1994. However, plaintiff failed to file proof of service of the initial summons and complaint with the clerk of the court, as required by CPLR 306-b (a). On September 2, 1994, the claim was automatically dismissed pursuant to CPLR 306-b (a).
The plaintiff commenced the new action pursuant to CPLR 205 (a) almost 150 days later, on January 27, 1995. Defendants were served on February 3, 1995 and proof of service was properly filed on February 16, 1995. Defendants seek an order dismissing this 'action with prejudice, alleging that it was not timely filed pursuant to CPLR 306-a. The plaintiff asserts that it was unaware of the dismissal and refilled as soon as possible.
Plaintiff has filed a cross motion, seeking permission to continue this action and for the entry of a default judgment against defendants, who request additional time to answer, should their dismissal motion be denied. While the court is concerned with the delay in this matter, it would be inappropriate to deny plaintiff’s request to recommence this action.
CPLR 205 (a) is a remedial statute, designed to "ameliorate the potentially harsh effect of the Statute of Limitations in certain cases in which at least one of the fundamental purposes of the Statute of Limitations has in fact been served, and the defendant has been given timely notice of the claim being asserted by or on behalf of the injured party” (George v Mt. Sinai Hosp., 47 NY2d 170, 177; see also, Krainski v Sullivan, 208 AD2d 904).
In the present action, plaintiffs’ first suit was timely commenced by service of process upon the defendants within the statutory period specified under CPLR 306 (a). The defendants were thus given timely notice of the claim. CPLR 205 (a) allows recommencement only where the prior action was "timely commenced” (Dreger v New York State Thruway Auth., 81 NY2d 721). The fact that the plaintiffs failed to file proof of *77 service and thus the prior action was procedurally defective does not preclude the application of CPLR 205 (a) (see, Carrick v Central Gen. Hosp., 51 NY2d 242). The prior action having been properly commenced, the court acquired jurisdiction, and CPLR 205 (a) is applicable to permit a new action (see, George v Mt. Sinai Hosp., supra, at 170).
The interrelation between CPLR 205 (a) and CPLR 306-b can be illustrated by considering Matter of Solomon v Marks (164 Misc 2d 387). The court in Marks (supra) dismissed the complaint when proof of service was not filed in accordance with CPLR 306-b, and directed the parties’ attention to CPLR 205 (a), remarking that notwithstanding the fact that the Statute of Limitations may have otherwise run, CPLR 205 (a) provides for a six-month extension for recommencement of actions (Matter of Solomon v Marks, supra, at 392). While Marks is not a binding precedent upon this court, its reasoning is instructive.
Statements made by the cosponsors of this new legislation also shed light on its intent. Assemblyman Lentol and Senator Volker, the cosponsors, stated: "The amendment [to CPLR 205 (a)] would not preclude the six-month extension in those instances in which plaintiff did properly effect service, but then failed to timely file proof of service of process as required by new CPLR 306-b.”
The case before us can be distinguished from the case cited by the defendants, Matter of Barsalow v City of Troy (208 AD2d 1144). In that case, the petitioners did not seek to avail themselves of the provisions contained in CPLR 205 (a) and, instead, relied upon CPLR 306-b (b); the petitioner failed to file a new claim within six months of the dismissal under CPLR 205 (a). The plaintiff at bar has chosen to proceed pursuant to CPLR 205 (a), and the defendants have failed to cite any authority precluding its application.
To ameliorate any potential unfairness to defendants, the court grants defendants time to resubmit an answer to this action. Contrary to the assertions made by plaintiff, defendants are not in default. Indeed, CPLR 205 (b) precludes the entry of a default judgment against defendants under the circumstances at bar. "Where the defendant has served an answer and the action is terminated in any manner, and a new action upon the same transaction or occurrence or series of transactions or occurrences is commenced by the plaintiff or his successor in interest, the assertion of any cause of action or defense by the defendant in the new action shall be timely if it was timely asserted in the prior action.” (CPLR 205 [b].)
*78 Accordingly, within 30 days of the date of this decision and order, the defendants shall serve their answer to the complaint. In light of this court’s decision to deny plaintiff s cross motion for a default judgment against defendants, the court need not address the alternate relief sought by the defendants.