◼ In the Matter of CHRISTOPHER P. GERSHEL, Respondent, v HARRY PORR III, as City Manager of City of Newburgh, Appellant. [641 NYS2d 382] —In a proceeding pursuant to CPLR article 78 to review a determination of Harry Porr III, City Manager of the City of Newburgh, dated July 6, 1994, which, *inter alia,* continued the petitioner's suspension without pay from his position as Chief of Police pending the determination of disciplinary charges, the appeal is from (1) so much of an order of the Supreme Court, Orange County (Sherwood, J.), dated October 26, 1994, as annulled the determination to the extent of directing that the petitioner receive his regular salary for the period June 8, 1994, to June 29, 1994, and (2) so much of a judgment of the same court entered November 25, 1994, upon the order, as directed that the petitioner receive his regular salary for the contested period. The appeal from the judgment brings up for review the order dated October 26, 1994, and an order of the same court dated September 14, 1994 (*see,* CPLR 5501 [a] [1]).

Ordered that the appeal from the order dated October 26, 1994, is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, and the proceeding is dismissed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the order dated October 26, 1994, must be dismissed because no appeal lies as of right from an intermediate order in a proceeding pursuant to CPLR article 78 (*see,* CPLR 5701 [b] [1]).

The petitioner, the police chief of the City of Newburgh was charged with misconduct and was suspended from his job without pay pending administrative proceedings. As a result of scheduling problems an administrative hearing was delayed, and the period of the petitioner's unpaid suspension exceeded 30 days. The appellant denied the petitioner's demand that he be paid for the contested days and he commenced the instant proceeding.

The petitioner commenced this proceeding by order to show

cause. As is required by CPLR 304, the petitioner properly filed his papers with the clerk of the Supreme Court and purchased an index number prior thereto. However, the appellant challenged the manner of service and ultimately the court ordered a hearing. However, on the hearing date the petitioner decided to withdraw his order to show cause and re-effectuate service rather than litigate the jurisdictional issue.

Thereafter but still well within the applicable four month Statute of Limitations (*see,* CPLR 217), the petitioner served a notice of petition, and petition. The appellant then moved to dismiss this second petition asserting that it was jurisdictionally defective because it was never filed with the clerk in violation of CPLR 304 and it was served bearing the index number purchased in connection with the original order to show cause. The Supreme Court denied the motion to dismiss finding that the procedures employed were not improper. We disagree, and reverse so much of the subsequent judgment as was entered in the petitioner's favor, and dismiss the proceeding.

Pursuant to CPLR 304, a party commencing a proceeding must file his notice of petition (or order to show cause) and petition with the clerk of the court and purchase an index number (*see, Matter of Miner Co. v Lone Wolf Insulation,* 219 AD2d 831). However, where a properly commenced proceeding is subsequently dismissed, the petitioner must properly recommence the proceeding by filing new papers with the clerk and he must purchase a new index number (*see, Matter of Vetrone v Mackin,* 216 AD2d 839; *Moskowitz v Lieberman,* 158 Misc 2d 1031).

In this case, the petitioner withdrew his initial order to show cause, and thus the proceeding was at that point effectively dismissed (*see, Matter of Vetrone v Mackin, supra).* Because the petitioner failed to comply with the filing and fee requirements of CPLR 304 prior to serving the notice and petition on his second attempt to commence a CPLR article 78 proceeding, the instant proceeding was never actually commenced (*see, Shivers v International Serv. Sys.,* 220 AD2d 357; *Matter of Vetrone v Mackin, supra*) and the court erred in denying the appellant's motion to dismiss. Furthermore, we note that the petitioner's failure to comply with the requirements of CPLR 304 does not result in any additional time to recommence the proceeding pursuant to CPLR 306-b (b) (*see, Magovern v Cherry Val. Realty Corp.,* 166 Misc 2d 75), because that section only excuses a failure to file proof of service or a failure to serve properly filed papers in a proceeding which has been timely commenced. Since the petitioner failed to comply with the requirements of

CPLR 304, the notice of petition and petition did not effectively commence this proceeding.

In light of our determination we need not reach the parties' remaining contentions. Mangano, P. J., Miller, Ritter and Hart, JJ., concur.