[646 NYS2d 565]

In the Matter of RONALD WINSTON, Appellant, v FRESHWATER WETLANDS APPEALS BOARD, Respondent, and VILLAGE OF SCARSDALE et al., Intervenors-Respondents. (Proceeding No. 1.)

In the Matter of RONALD WINSTON, Appellant, and PUBLIC LAND PRESERVATIONS SOCIETY, INC., Intervenor-Appellant, v FRESHWATER WETLANDS APPEALS BOARD, Respondent, and VILLAGE OF SCARSDALE et al., Intervenors-Respondents. (Proceeding No. 2.)

Second Department, August 19, 1996

## APPEARANCES OF COUNSEL

*Kantrowitz & Goldhamer, P. C.,* Chestnut Ridge *(Gary S. Graifman* of counsel), for appellant.

*Dennis C. Vacco, Attorney-General,* New York City *(John H. Carley* and *Gregory J. Nolan* of counsel; *Susie Chovev* on the brief), for respondent.

*Sive, Paget & Riesel, P. C.,* New York City *(Mark A. Chertok* and *Steven Russo* of counsel), for Village of Scarsdale, intervenor-respondent.

## OPINION OF THE COURT

ROSENBLATT, J. P.

By enacting a "filing system" in place of a "service system", the New York State Legislature changed the way lawsuits are started in the Supreme Court and the County Court.[1] The legislation involved a host of statutory amendments, and included timetables that carry significant implications for Statutes of Limitation. The case before us involves the interplay of two statutes that contain time limits and extensions in connection with the recommencement of terminated actions.

CPLR 205 (a) and 306-b (b) are remedial type statutes, designed to allow the recommencement of actions that have

---

1. (L 1992, ch 216; *see generally,* Siegel, NY Prac, 1996 Pocket Part, § 60 *et seq.* [2d ed]; Arkin, *New York's Commencement by Filing Law,* 1996 Benders NY Civil Practice Annual). The change affected Surrogate's Court as well, with the repeal of SCPA former 301 (L 1992, ch 216; § 20; *see,* Siegel and Connors, Practice Commentary, McKinney's Cons Laws of NY, Book 58A, SCPA 301, at 261; Connors, 1995 Supp Practice Commentary, McKinneys Cons Laws of NY, Book 58A, 1996 Pocket Part, SCPA 301, at 11; *see also,* Carlisle, *Civil Practice,* 44 Syracuse L Rev 65, 65-81 [1993]; Gordon, *Civil Practice,* 46 Syracuse L Rev 281, 286-295 [1995]).

suffered dismissals of a generally technical type. Complications arise because CPLR 306-b (b) allows a shorter time period in which to recommence an action than does CPLR 205 (a).

Although the petitioner effectuated proper and timely filing and service, his initial CPLR article 78 proceeding was "deemed dismissed" pursuant to the dictates of CPLR 306-b (a), for failure to file proof of service within the applicable time limit. The question before us is whether petitioner was statutorily allotted only 15 days thereafter to commence a new proceeding pursuant to CPLR 306-b (b), or six months, pursuant to the more expansive provisions of CPLR 205 (a).

We hold that the six-month extension provided by CPLR 205 (a) is available in instances in which the petitioner effects timely and proper filing and service but suffers dismissal owing to the failure to file proof of service within the time limit set by CPLR 306-b (a).

The petitioner owns a parcel of land in Scarsdale. Adjacent to his property is a 16.9-acre parcel of property that his father gave to the Village of Scarsdale over a period of time during the 1970's. In January 1986, the Village contracted to sell the property to Glickenhaus-Judelson Real Estate Partnership (hereinafter Glickenhaus-Judelson). While Glickenhaus-Judelson was proceeding with its plans, the petitioner requested the New York State Department of Environmental Conservation (hereinafter DEC) to add the property to the New York State Freshwater Wetlands Maps. The DEC did so, but after the Village commenced a proceeding pursuant to CPLR article 78 to challenge the DEC's determination, the DEC determined to demap the property. In a decision dated July 29, 1994, and filed on August 1, 1994, the Freshwater Wetlands Appeals Board (hereinafter FWAB) reviewed the DEC's demapping determination and affirmed it.

Seeking to annul the FWAB determination by way of a proceeding pursuant to CPLR article 78, the petitioner duly filed his notice of petition and petition on August 30, 1994, one day before the 30-day Statute of Limitations expired (see, ECL 24-1105 [2]). Pursuant to CPLR 306-b (a), the petitioner had 15 days from that expiration date within which to both serve the respondents and file proof of service. Although he succeeded in serving the FWAB (and the Attorney-General) on September 8, 1994, he did not mail proof of service until September 16, 1994. Therefore, proof of service was not "filed" with the court clerk until September 21, 1994, when it was received by the clerk of the court (see, Enos v City of Rochester, 206 AD2d 159). As the

respondents had neither answered the petition nor otherwise appeared, the Supreme Court, applying CPLR 306-b correctly held that the action was "deemed dismissed" as of September 15, 1994.

FWAB recognizes that the petitioner had the right to recommence the action following the September 15, 1994 dismissal, but asserts that he had only 15 days to do so, citing CPLR 306-b (b). The Supreme Court agreed, and it dismissed the recommenced proceeding, which the petitioner filed on March 8, 1995. The petitioner claims that under CPLR 205 (a) he had six months (i.e., until March 15, 1995) within which to recommence the proceeding. We agree with the petitioner. We reach this conclusion after examining the background of the legislation and the place of the two extension statutes (CPLR 205 [a]; 306-b [b]) in the over-all legislative design.

I

A key provision in the change from the "service" system to the "filing" system was embodied in CPLR 304. The previous CPLR 304 (L 1962, ch 308) provided that "[a]n action is commenced and jurisdiction acquired by *service* of a summons" (emphasis added) and by *service* of a notice of petition or order to show cause, for special proceedings. The present CPLR 304 (L 1992, ch 216, § 4, as amended by L 1994, ch 563, § 1) provides that an "action is commenced by *filing* a summons and complaint or summons with notice with the clerk of the court in the county in which the action is brought" (emphasis added), and that a special proceeding is commenced by *filing* a notice of petition or order to show cause and a petition with the clerk.

CPLR 304 is at the heart of the change, but other amendments were enacted to adjust the various deadlines and Statutes of Limitation. CPLR 203 (c) was amended (L 1992, ch 216, § 1) to provide that a claim, for Statute of Limitations purposes, is deemed to have been interposed when it "is filed with the clerk of the court" (CPLR 203 [c] [1]). The extension statutes, CPLR 306-b and 205 (a), were brought into play in order to coordinate the objectives of CPLR 304 and 203.

CPLR 306-b has two subdivisions. The first, CPLR 306-b (a), provides that proof of service "shall be filed with the clerk of the court within one hundred twenty days" after the initial CPLR 304 filing. The subdivision goes on to provide that if the action or proceeding is one that has a four-month Statute of Limitations or less, proof of service must be filed not later than 15 days after the applicable Statute of Limitations expires. If a

petitioner fails to file proof of service within that 15-day period, the petition is "deemed dismissed", but CPLR 306-b (b) gives a petitioner an additional 15 days following the dismissal in which to start a new action, free of the Statute of Limitations.

This rule would be easy enough to apply were it not for CPLR 205 (a). That section allows six months in which to recommence an action and be spared the preclusive consequences of a Statute of Limitations. To be deserving of the benefits of CPLR 205 (a), certain conditions must be met. Those conditions include that the terminated action was itself timely commenced, and that the termination was based on grounds other than voluntary discontinuance, failure of personal jurisdiction, neglect to prosecute, or a final judgment.

The restorative provisions of CPLR 205 (a) have been on our books for a very long time, reflecting the idea that a diligent litigant who commenced a timely action but who failed on some generally technical ground, deserves an adjudication on the merits (*see, Carrick v Central Gen. Hosp.*, 51 NY2d 242, 252). Considering that CPLR 205 (a) is not available to those specified as undeserving, the statute has been interpreted so as to allow the litigant to enjoy its core purpose, a genuine bite at the apple (*see, Matter of Morris Investors v Commissioner of Fin. of City of N. Y.*, 69 NY2d 933; 2A Carmody-Wait 2d, NY Prac § 13:376, at 382; Siegel, NY Prac § 52, at 63 [2d ed]; 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 205.01).[2]

The purposes of CPLR 205 (a) were carried forward from former CPA 23 (L 1920, ch 925), and from section 405 of the Code of Civil Procedure before that (L 1876, ch 448). The revival concept evolved from section 84 of the so-called David Dudley Field Code of 1848, and may even lay claim to English statutes that are over 350 years old (*Gaines v City of New York*, 215 NY

---

2. The statute has been described in a number of ways, all attesting to its redemptive character, designed to prevent claims from being irreversibly extinguished following technical-type dismissals. The statute is remedial (*Matter of Morris Investors v Commissioner of Fin. of City of N. Y., supra,* at 935), or ameliorative (*Matter of Morris Investors v Commissioner of Fin. of City of N. Y.,* 121 AD2d 221, 226, *affd* 69 NY2d 933, *supra; Kolomensky v Wiener,* 135 AD2d 505, 506) in that it tolls (*Censor v Mead Reins. Corp.,* 176 AD2d 600, 601), extends (*Cave v Spanier,* 212 AD2d 660), saves (*Matter of Morris Investors v Commissioner of Fin. of City of N. Y.,* 69 NY2d, *supra,* at 936; *Censor v Mead Reins. Corp., supra,* at 601), revives (*Carrick v Central Gen. Hosp., supra,* at 249), reinstitutes (*Matter of Morris Investors v Commissioner of Fin. of City of N. Y.,* 121 AD2d, *supra,* at 226), and even resuscitates (*Carrick v Central Gen. Hosp., supra,* at 251).

533). Its history therefore suggests that its capacity for rescue should " 'not * * * be frittered away by any narrow construction' " (*Matter of Morris Investors v Commissioner of Fin. of City of N. Y., supra,* at 935, quoting *Gaines v City of New York, supra,* at 539).

We recognize the arguable incongruity in applying CPLR 205 (a) to a proceeding pursuant to CPLR article 78: the petitioner would get a six-month lifeline to recommence a proceeding governed by a 30-day Statute of Limitations, thereby making the extension longer than the limitations period itself. However, the Court of Appeals rejected this argument in *Matter of Morris Investors v Commissioner of Fin. of City of N. Y. (supra),* in which CPLR 205 (a) was held applicable to proceedings pursuant to CPLR article 78. The dissent in *Morris* protested that the additional six months afforded under the statute could allow for an extension of over 10 months (*see, Matter of Morris Investors v Commissioner of Fin. of City of N. Y., supra,* at 940, n 5). A six-month extension may seem asymmetrical when tacked on to a four-month (or, as here, a one-month) limitations bar, but the purpose of this ameliorative statute is to blunt the fatal effects of time bars when a defendant or respondent has had timely notice of the case to begin with (*George v Mt. Sinai Hosp.,* 47 NY2d 170; *see also,* Siegel, NY Prac § 52, at 64 [2d ed]).

In accordance with the jurisprudential command that CPLR 205 (a) be given a generous construction, recommencement following termination has been approved in a number of instances (*see, e.g., Fleming v Long Is. R. R.,* 72 NY2d 998 [dismissal for failure to plead compliance with Public Authorities Law § 1276 (1)]; *Vigliotti v Ricci,* — AD2d —, 1996 NY Slip Op 06607 [2d Dept, July 1, 1996] [action dismissed on ground that it had been commenced by a deceased plaintiff]; *E & L, Inc. v Liberty Mut. Fire Ins. Co.,* — AD2d —, 1996 NY Slip Op 04854 [1st Dept, May 23, 1996] [dismissal pursuant to Business Corporation Law § 1312 (a) for lack of authority to do business in New York]; *Krainski v Sullivan,* 208 AD2d 904 [where "defendants were given timely notice of the nature of the claim by proper service of a summons and complaint, an error relating to the identity of the named plaintiff in the original action will not bar recommencement of the action pursuant to CPLR 205 (a)"]). The courts have, however, been sensitive to the statute's boundary lines, and have denied its application, for example, when the first action was not commenced in time (*see, Matter of Oriskany Cent. School Dist. [Booth Architects],* 85 NY2d 995; *Mat-*

ter of *Gershel v Porr,* 226 AD2d 636), or when the dismissal was on the merits (*Kalkan v Nyack Hosp.,* — AD2d —, 1996 NY Slip Op 04565 [2d Dept, May 6, 1996]), or for lack of personal jurisdiction (*Markoff v South Nassau Community Hosp.,* 61 NY2d 283).

Under the previous system, in which an action was commenced by service, the *Markoff* Court held that because personal jurisdiction was never obtained, the action was never " 'commenced' " in a timely manner (*Markoff v South Nassau Community Hosp., supra,* at 288). The remedial reach of CPLR 205 (a) was unavailable because the statute helps only those who commence the first action in a timely manner. The case before us, however, is to be contrasted with *Markoff,* in which personal jurisdiction was never acquired (*see,* Siegel, *When Earlier Action is "Deemed Dismissed" Under CPLR 306-b (b), is Six Months for New Action Under CPLR 205 (a) Available?,* 37 Siegel's Practice Review [Oct. 1995], at 1).

CPLR 205 (a) also denies its largess to plaintiffs or petitioners whose cases are dismissed owing to neglect in prosecution (*see, Williams v Jian Chu Yu,* 207 AD2d 442; *Berman v Szpilzinger,* 200 AD2d 367). The petitioner here was operating under a very short Statute of Limitations in seeking review of the FWAB determination. He had only 30 days, until September 15, 1994, to effect service and file proof of it. He effected service well in time but mailed proof of service on September 16, 1994. While there was a failure of compliance it is not, under these facts, to be ranked with the kinds of neglect that have given rise to dismissal under CPLR 3216.

The petitioner has met all of the conditions of CPLR 205 (a): he commenced the terminated proceeding in time, he did not voluntarily discontinue or neglect to prosecute, and there has been no final judgment. Moreover, a dismissal under CPLR 306-b (a) for failure to file proof of service does not fall within any of the categories that CPLR 205 (a) specifies as undeserving of its benefits.

Considering that both CPLR 205 (a) and 306-b (b) provide extension periods, and that both sections fit, we look to rules of statutory construction and to legislative intent to determine whether CPLR 306-b (b) preempts CPLR 205 (a). It is a rule of statutory construction that the specific governs over the general (*see,* McKinney's Cons Laws of NY, Book 1, Statutes § 238, at 404-406; *People v Walker,* 81 NY2d 661; *see also, People v Jackson,* 87 NY2d 782, 790). The rule exists as a means of discerning and advancing legislative intent. But it should not

be decisive when there is a contrary pronouncement of legislative intent, particularly one that is expressed with uncommon specificity (*see,* McKinney's Cons Laws of NY, Book 1, Statutes § 239 [b], at 407-411).

A sponsor's memorandum in support of the new legislation states as follows: " '[t]he amendment [to CPLR 205 (a)] would not preclude the six month extension in those instances in which the plaintiff did properly effect service, but then failed to timely file proof of service of process as required by new CPLR 306-b' " (Mem of Sen. Volker and Assemblyman Lentol, quoted in Alexander, 1992 Supp Prac Commentary, McKinney's Cons Laws of NY, Book 7B, 1996 Pocket Part, CPLR C205:A, at 66). This is an unusually explicit avowal of legislative intent, that supports the result we reach (*see also, Matter of Solomon v Marks,* 164 Misc 2d 387; *Magovern v Cherry Val. Realty Corp.,* 166 Misc 2d 75).

In another supporting legislative memorandum, the sponsor states as follows:

"SUMMARY OF PROVISIONS

"Section 1. Amends CPLR section 205 dealing with termination of an action and creates a technical change necessitated by the amendment to CPLR 306-a in section 4 of the bill. Where a party, that had timely commenced and timely served an action which was subsequently terminated for the reasons set forth in this section seeks to commence a new action, the party would receive *no more extra time than the six month period* set forth in this section and could not take advantage of an additional 120 days under the amended CPLR 306-a" (Mem of Assemblyman Lentol, Bill Jacket, L 1992, ch 216 [emphasis supplied]).

In support of the legislation, Professor George F. Carpinello, the Chair of the Office of Court Administration's Advisory Committee on Civil Practice, stated in his letter dated June 10, 1992: "CPLR 306-b requires plaintiffs to serve the summons on the defendant and file proof of service with the clerk within 120 days of filing the summons with the clerk (the period is 15 days in the case of a special proceeding). If service and filing of proof of service are not accomplished within 120 days and there is no appearance by a defendant, the action (or special proceeding) is dismissed. The plaintiff, however, shall have another 120 days to file a new action and effect service. (If service is made within the first 120 days, but the filing of proof of service is not made, the court would have the power under CPLR 2004 to allow late filing. *Moreover,* a plaintiff could, in any event,

recommence the action within six months under CPLR 205)" (Bill Jacket, L 1992, ch 216 [emphasis supplied] *see also,* 1992 McKinney's Session Laws of NY, at 3116).

The legislative intent is clear, in that the 1992 amendments were enacted to ensure the continuation of the revenue contemplated by the filing provisions that had begun with the enactment of CPLR 306-a (L 1992, ch 216, § 6). As Professor Siegel has pointed out, "It must always be kept in mind that the whole purpose of CPLR 306-b (b) in making a plaintiff bring a new action after dismissal of the first one is to secure an additional filing fee for the public treasury" (40 Siegel's Practice Review, *Conflict on Whether Failure to Pay Fee for Second Action Can Be Cured With Simple Late Payment* [Jan. 1996], at 2; *see also, Ruiz v New York City Hous. Auth.,* 216 AD2d 258). Under these circumstances it can be readily understood that the Legislature, by enacting a revenue measure, expressly disavowed any intent or need to retract the benefits of CPLR 205 (a).

The respondents argue that CPLR 306-b is a meaningless statute unless it is held to preempt CPLR 205 (a). As to this, we note that according to the New York State Senate Introducer's Memorandum in Support, "If the dismissal was for failure to obtain jurisdiction over the defendant, the plaintiff does not get the benefit of the six month period" of CPLR 205 (a), but would get the benefit of CPLR 306-b (b). That fact pattern, however, is not before us and there is no need to address it at this time.

We conclude that the Supreme Court's judgment of March 7, 1995, dismissing the first proceeding should be affirmed, inasmuch as that proceeding was "deemed dismissed" by virtue of the self-executing provisions of CPLR 306-b (a) (*see also, Matter of Barsalow v City of Troy,* 208 AD2d 1144). The Supreme Court's judgment of July 5, 1995, which upon granting the motion of the Freshwater Wetlands Appeals Board and the motion of the Village of Scarsdale and Glickenhaus-Judelson Real Estate Partnership dismissed the recommenced proceeding, is reversed, on the law, the motion is denied, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings.

RITTER, SULLIVAN and FRIEDMANN, JJ., concur.

Ordered that the judgment entered March 7, 1995 is affirmed, without costs and disbursements; and it is further,

Ordered that the judgment entered July 5, 1995 is reversed, on the law, without costs or disbursements, the respective mo-

tions to dismiss the proceeding are denied, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings.