■ DOROTHEA MaGOVERN, Respondent, v CHERRY VALLEY REALTY CORP. et al., Appellants. [648 NYS2d 44] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated August 24, 1995, as denied their motion to dismiss the action pursuant to CPLR 3211 (a) (5) and (8).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff seeks to recover damages for personal injuries allegedly sustained on the defendants' property on May 11, 1991. It is uncontroverted that a summons and complaint were initially filed on May 5, 1994, and the defendants were served therewith on May 12, 1994. However, the plaintiff failed to file an affidavit of service within 120 days, as required by CPLR 306-b (a), and the action was thus automatically dismissed on September 2, 1994. The parties apparently did not discover that the automatic dismissal had occurred until January 4, 1995, and, consequently, continued litigating the action up until that time.

The plaintiff subsequently filed a second summons and complaint on January 27, 1995, and the defendants were served therewith on February 3, 1995. The affidavit of service was filed on February 16, 1995.

The defendants thereupon moved to dismiss, arguing that pursuant to CPLR 306-b (b), the plaintiff had only 120 days from the date of the automatic dismissal to commence the new action and effect service upon the defendants. However, the Supreme Court denied the defendants' motion, holding that pursuant to CPLR 205 (a), the plaintiff had six months to commence the second action. We affirm.

Under the circumstances presented herein the plaintiff may obtain the relief provided by the saving provision of CPLR 205 (a), thereby rendering her action timely (*see, Matter of Winston v Freshwater Wetlands Appeals Bd.*, 224 AD2d 160). Accordingly, the Supreme Court properly denied the defendants' motion to dismiss the action. Bracken, J. P., Krausman, Goldstein and Luciano, JJ., concur.