■ In the Matter of GREGORY HICKS et al., Respondents, v CITY OF NEW YORK et al., Appellants. In the Matter of GREGORY HICKS et al., Appellants-Respondents, v CITY OF NEW YORK et al., Respondents-Appellants. [669 NYS2d 290] —Order, Supreme Court, New York County (Emily Goodman, J.), entered June 20, 1997, which, in a recommenced proceeding pursuant to CPLR article 78, denied respondents' cross-motion to dismiss that proceeding for failure to comply with CPLR 306-b (b), unanimously affirmed, without costs. Cross appeals from an order and judgment (one paper), same court (William McCooe, J.), entered on or about October 18, 1996, which dismissed petitioners' prior article 78 proceeding based upon petitioners' failure to file proof of service with the County Clerk in compliance with CPLR 306-b (a), unanimously dismissed, without costs, as academic.

The October 18, 1996 order dismissing the first article 78 proceeding by reason of petitioners' failure timely to file proof of service in the office of the County Clerk pursuant to CPLR 306-b (a) was superfluous because CPLR 306-b (a) is self-executing (see, Black v Randall Med. Offs., 237 AD2d 110; Long v Quinn, 234 AD2d 522; Matter of Barsalow v City of Troy, 208 AD2d 1144, 1145). Accordingly, the proceeding was dismissed by operation of law on July 29, 1996, 15 days after the applicable four-month Statute of Limitations had expired (see, CPLR 306-b [a]).

Although petitioners did not commence their second, identical article 78 proceeding within 15 days after the automatic dismissal of the first proceeding, in accordance with CPLR 306-b (b), application of the six-month extension provided pursuant to CPLR 205 (a) nonetheless renders petitioners' commencement of the second proceeding, on or about October 28, 1996, timely (see, Matter of Winston v Freshwater Wetlands Appeals Bd., 224 AD2d 160; Magovern v Cherry Val. Realty Corp., 166 Misc 2d 75, affd 231 AD2d 690). We note in this connection that petitioners have met all of the conditions upon which the applicability of CPLR 205 (a) is premised: the prior proceeding was timely commenced and was not terminated by reason of voluntary discontinuance or neglect to prosecute; nor was the prior proceeding terminated in a final judgment upon the merits. Having properly commenced the second, identical proceeding, and having done so within six months after the first proceeding was dismissed, petitioners were entitled to the ameliorative benefits of CPLR 205 (a). Concur—Milonas, J. P., Williams, Mazzarelli and Andrias, JJ. [See, 172 Misc 2d 994.]