CHRISTINE BOULHOSA, Appellant, v SONIA RIVERA et al., Respondents. [703 NYS2d 444] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered November 6, 1998, which, *inter alia*, granted defendant Sonia Rivera's motion to dismiss the complaint as against her as time-barred, and dismissed the complaint as against defendant Garcia for lack of personal jurisdiction, unanimously affirmed, without costs.

The action against defendant Rivera was properly dismissed as time-barred since it was commenced beyond the expiration of the applicable three-year Statute of Limitations. Although a prior action by plaintiff against Rivera was timely commenced, it was dismissed by operation of law on August 11, 1995 pursuant to the then applicable version of CPLR 306-b by reason of plaintiff's failure to file proof of service within 120 days of filing the summons and complaint (*see, Matter of Hicks v City of New York*, 247 AD2d 342). The present action, then, commenced more than six months subsequent to the August 11, 1995 dismissal of the prior action is not rendered timely by CPLR 205. Nor is the present action against Rivera saved from dismissal on Statute of Limitations grounds by reason of Rivera's stipulation to waive "all jurisdictional defenses".

The complaint was also properly dismissed as against defendant Garcia. Personal jurisdiction was never obtained over Garcia since the "nail and mail" service (see, CPLR 308 [4]) purportedly effected upon him was defective; it is uncontested that plaintiff knew that the address at which the summons and complaint were posted was no longer Garcia's residence (see, David v Moyer, 133 AD2d 737). Concur—Rosenberger, J. P., Ellerin, Wallach and Saxe, JJ.