■ DIVA M. RIOS et al., Respondents, v GREGORIO ZORRILLA et al., Appellants. [778 NYS2d 694]—

In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Queens County (Dye, J.), dated May 12, 2003, as, in effect, denied their cross motion pursuant to CPLR 3211, or in the alternative, pursuant to CPLR 3215 (c), to dismiss the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the complaint is dismissed.

The purported service of process under CPLR 308 (2) was defective since the plaintiffs attempted service by delivering the summons and complaint to a person of suitable age and discretion at the defendants' last known address, rather than at their actual place of business, dwelling place, or usual place of abode (*see Mourtil v Chi Ming Peng*, 295 AD2d 582 [2002]; *David v Moyer*, 133 AD2d 737 [1987]; *Chiari v D'Angelo*, 123 AD2d 655 [1986]).

The defendants were not estopped from challenging the propriety of service since they did not engage in conduct which was designed to conceal their actual addresses (*see Feinstein v Bergner*, 48 NY2d 234 [1979]; *Mourtil v Chi Ming Peng, supra; David v Moyer, supra; Chiari v D'Angelo, supra*).

Thus, the Supreme Court should have granted the defendants' cross motion to dismiss the complaint. Florio, J.P., Adams, Cozier and Lifson, JJ., concur.