■ CONTINENTAL HOSTS, LTD., Respondent, v MORRIS LEVINE, Appellant.—In an action, inter alia, to recover damages for accounting malpractice, the defendant Morris Levine appeals from an order of the Supreme Court, Queens County (Dunkin, J.), dated September 11, 1989, which, after a hearing, denied his motion to dismiss the complaint on the ground of lack of personal jurisdiction.

Ordered that the order is reversed, on the law, with costs, and the appellant's motion to dismiss the complaint on the ground of lack of personal jurisdiction is granted.

The affidavit of service prepared by the respondent's process server purports to have effected service upon the appellant in February 1986 pursuant to CPLR 308 (2) by delivering a copy of the summons to his actual place of business and by mailing additional copies to his last known residences. Upon the appellant's sworn denial that the summons was delivered to his actual place of business, the respondent was required to establish by a preponderance of the evidence at a hearing that service was proper (see, Frankel v Schilling, 149 AD2d 657). We find that the evidence presented by the respondent at the hearing was insufficient to sustain its burden of proof, and consequently dismiss the complaint.

At the hearing, the appellant presented documentary proof to support his testimony that the location where the summons was delivered was not his actual place of business, as he had sold his accounting practice and vacated that office upon his retirement in 1981. The respondent's claim that the appellant should be estopped from contesting the validity of the service is without merit, as the record fails to reveal any acts by the appellant which were calculated to mislead the respondent as to his actual place of business (see, Feinstein v Bergner, 48 NY2d 234; Cuomo v Cuomo, 144 AD2d 331; Chiari v D'Angelo, 123 AD2d 655). The process server's alleged reliance on a representation by the appellant's former employee that she was authorized to accept service for him did not obviate the

respondent's burden to prove that delivery was made to the appellant's actual place of business *(cf., Dorfman v Leidner,* 76 NY2d 956).

Finally, since the statutory requirements for service of process were not met, it is irrelevant that the appellant had actual notice of the lawsuit *(see, Raschel v Rish,* 69 NY2d 694; *Frankel v Schilling,* 149 AD2d 657, *supra).* Thompson, J. P., Lawrence, Harwood and O'Brien, JJ., concur.