Bank of Am., N.A. v Lewis (2021 NY Slip Op 00405)





Bank of Am., N.A. v Lewis


2021 NY Slip Op 00405


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2019-05570
 (Index No. 709505/14)

[*1]Bank of America, N.A., respondent, 
v
Eugene Lewis, appellant, et al., defendants.


Anderson, Bowman & Zalewski, PLLC, Kew Gardens, NY (Matthew Routh of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Eugene Lewis appeals from an order of the Supreme Court, Queens County (Bruce M. Balter, J.), dated February 21, 2019. The order denied the motion of the defendant Eugene Lewis pursuant to CPLR 5015(a)(1) and (4) to vacate an order of reference of the same court dated May 31, 2016, entered upon his default in appearing or answering the complaint, and to dismiss the complaint insofar as asserted against him.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine the validity of service of process upon the defendant Eugene Lewis, and for a new determination thereafter of that defendant's motion.
In December 2014, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Eugene Lewis (hereinafter the defendant). The plaintiff purportedly served the defendant pursuant to CPLR 308(2) by delivering the summons and complaint to a person of suitable age and discretion at the defendant's alleged residence in Rosedale, and by mailing a copy of the summons and complaint to the same address. The defendant failed to answer the complaint. In an order dated May 31, 2016, the Supreme Court granted the plaintiff's motion, inter alia, for an order of reference. Thereafter, in an order dated July 12, 2017, the court granted the plaintiff's motion for a judgment of foreclosure and sale. The defendant then moved pursuant to CPLR 5015(a)(1) and (4) to vacate the order of reference and to dismiss the complaint insofar as asserted against him. In an order dated February 21, 2019, the court denied the defendant's motion. The defendant appeals.
CPLR 5015(a)(4) provides that "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just," upon the ground of, inter alia, "lack of jurisdiction to render the judgment or order." A court may not rule on the excusable nature of a defendant's default under CPLR 5015(a)(1) without first determining the jurisdictional question under CPLR 5015(a)(4) (see TBF Fin., LLC v Eagle Tours, LLC, 172 AD3d 1269).
"The court does not have personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process. In those instances in which process has not been served upon a defendant, all subsequent proceedings will be rendered null and void" (Washington Mut. Bank v Murphy, 127 AD3d 1167, 1173-1174 [citations omitted]). "Ordinarily, a process server's [*2]affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589). "To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service" (HSBC Bank USA, N.A. v Whitter, 159 AD3d 942, 945). "Although bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing" (U.S. Bank, N.A. v Tauber, 140 AD3d 1154, 1155 [citations omitted]).
Here, the defendant submitted his affidavit, wherein he averred, inter alia, that he did not reside at the address in Rosedale when service was purportedly effectuated, and copies of his 2014 through 2016 tax returns indicating that the defendant resided at an address in Ridgewood. The defendant's submissions were sufficient to rebut the prima facie showing of proper service, and to necessitate a hearing (see U.S. Bank, N.A. v Arias, 85 AD3d 1014, 1016). Accordingly, the matter must be remitted to the Supreme Court, Queens County, for a hearing to determine whether the defendant was validly served with process pursuant to CPLR 308(2), and for a new determination thereafter of the defendant's motion.
In light of our determination, we need not reach the defendant's remaining contentions.
DILLON, J.P., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court