Everbank v Kelly (2022 NY Slip Op 00651)





Everbank v Kelly


2022 NY Slip Op 00651


Decided on February 2, 2022


Appellate Division, Second Department


Dillon, J.p., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2018-01823
2018-01824
 (Index No. 21683/13)

[*1]Everbank, respondent, 
v
James A. Kelly, etc., et al., defendants, Edward J. Bressler, etc., appellant.



APPEALS by the defendant Edward J. Bressler, in an action to foreclose a mortgage, from (1) an order of the Supreme Court (Martha L. Luft, J.), dated December 18, 2017, and entered in Suffolk County, and (2) an order and judgment of foreclosure and sale (one paper) of the same court also dated December 18, 2017. The order, insofar as appealed from, after a hearing to determine the validity of service of process upon the defendant Edward J. Bressler, denied those branches of that defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate an order of reference of the same court (Andrew G. Tarantino, Jr., J.) dated April 16, 2015, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the subject property.



Christopher Thompson (McKinley Law, P.C., Rockville Centre, NY [Shannon Cody McKinley], of counsel), for appellant.
Parker Ibrahim & Berg LLP, New York, NY (Scott W. Parker of counsel), for respondent.



DILLON, J.P.


OPINION & ORDER
,
This appeal presents a simple question that has not previously arisen: whether an affirmative misrepresentation by a relative of a defendant at a residential address that the address is proper, which is relied upon by a process server, may establish that service was valid, if evidence establishes that the address is not, in fact, the defendant's actual dwelling place or usual place of abode. We hold that, under the circumstances of this action, service of process upon the defendant at an address that was not actually his dwelling place or usual place of abode was defective, notwithstanding information provided to the process server at the doorstep.
I. Relevant Facts
This mortgage foreclosure action arises out of an alleged default on a note executed in November 2004 by the defendant James A. Kelly (hereinafter Kelly) and his father-in-law, the defendant Edward J. Bressler (hereinafter together the defendants). As security for the note, the defendants executed a mortgage encumbering certain real property in Mastic Beach (hereinafter the [*2]subject property). The mortgage documents included an occupancy rider wherein, inter alia, Bressler expressed his intention to primarily reside at the mortgaged premises within 60 days.
In August 2013, the plaintiff commenced this action by the filing of a summons and complaint alleging, inter alia, that the defendants defaulted on their payment obligations beginning in November 2012 and continuing thereafter. Nonparty Thomas Burke, who was working for Integrity Real Property Services, was assigned to serve process in this action. On August 22, 2013, Burke served the defendants at the subject property by the suitable age and discretion method of CPLR 308(2), by hand delivering copies of the summons and complaint to a woman identified as Crystal Kelly. Burke's affidavit of service for Bressler stated that the person who accepted the papers was "Crystal Kelly, DAUGHTER, who verified that the intended recipient actually resides at this location." A second affidavit of service stated that the summons and complaint was mailed to Bressler at the subject property on August 26, 2013.
The defendants failed to appear in the action or interpose an answer. On April 16, 2015, the Supreme Court issued an order of reference. On December 18, 2015, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale.
In March 2016, Bressler moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the order of reference and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him, on the ground that he did not live at the subject property and that service of process upon him at that location was therefore void and improper. More specifically, Bressler stated in his affidavit in support of the motion that he had resided for nearly 40 years in Center Moriches and never used the subject property as his dwelling place or usual place of abode. Bressler explained that he co-signed the mortgage documents with Kelly, his son-in-law, merely to assist him in obtaining the loan. Bressler attached copies of his driver license; tax, cable, and electric bills; an automobile insurance renewal notice; and his voter registration information to corroborate his claim that he resided in Center Moriches. Bressler's daughter, Crystal Kelly, also submitted an affidavit in support of the motion, stating that the process server delivered three sets of papers and asked for her name, but did not ask her any further questions. Crystal Kelly stated in the affidavit that her father did not reside at the subject property, and she denied ever telling the process server that her father resided there.
In an order dated December 15, 2016, the Supreme Court held both the plaintiff's motion and Bressler's motion in abeyance, pending a hearing to determine the validity of service of process upon Bressler. At the hearing conducted on September 14, 2017, Burke testified to facts surrounding service of process on Bressler, relying in large measure upon his affidavits of service. Burke testified that he had a conversation with Crystal Kelly at the time of service when, in response to his inquiry, Crystal Kelly identified Kelly as her husband and Bressler as her father, and that each resided at the subject property.
Bressler also testified at the hearing. He testified that he never lived at the subject property, as he had lived, since 1975, with his wife at premises in Center Moriches. Bressler supported his testimony with documents admitted into evidence consisting of his driver license with a 2010 issue date and a Center Moriches property, and a certified copy of the deed for the Center Moriches address. Crystal Kelly, who was present for the entirety of the hearing, did not take the stand to testify.
In an order dated December 18, 2017, the Supreme Court, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and denied those branches of Bressler's motion which were pursuant to CPLR 5015(a)(4) to vacate the order of reference and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The court found Burke's testimony credible, that Crystal Kelly had stated to him that the recipients of process resided at the subject property. The court drew a discretionary negative inference against Bressler from the failure of Crystal Kelly to testify at the hearing, despite the fact that she had been present for it. The court also found that Burke acted reasonably in relying upon the representations of Crystal Kelly that Bressler resided at the subject property. Bressler appeals from the order.
On December 18, 2017, the court issued an order and judgment of foreclosure and sale, inter alia, confirming the referee's report and directing the sale of the subject property. Bressler also appeals from the order and judgment of foreclosure and sale.
For reasons set forth below, we dismiss the appeal from the order, reverse the order and judgment of foreclosure and sale, grant those branches of Bressler's motion which were pursuant to CPLR 5015(a)(4) to vacate the order of reference and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and deny the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale.
II. Dismissal of the Appeal from the Order
The appeal from the order dated December 18, 2017, must be dismissed, as the right of direct appeal therefrom terminated upon the entry of the order and judgment of foreclosure and sale (see Matter of Aho, 39 NY2d 241, 248). The appeal from the order and judgment of foreclosure and sale brings up for review those issues which necessarily affect the final judgment, including the court's determination rendered after the conclusion of the hearing to determine the validity of service of process (see CPLR 5501[a]).
III. The Determination Following the Hearing
A court lacks personal jurisdiction over a defendant who is not properly served with process (see Nationstar Mtge., LLC v Esdelle, 186 AD3d 1384, 1386; Krisilas v Mount Sinai Hosp., 63 AD3d 887, 889). When it is determined that process was ineffective, all subsequent proceedings are rendered null and void as to that party (see Nationstar Mtge., LLC v Esdelle, 186 AD3d at 1386; Krisilas v Mount Sinai Hosp., 63 AD3d at 889). Further, service of process upon a natural person must be made in strict compliance with the methods of service set forth in CPLR 308 (see Bank of Am., N.A. v Genzler, 188 AD3d 634, 646; Indymac Fed. Bank, FSB v Jones, 173 AD3d 702, 703). Service of process under CPLR 308(2), which is at issue here, requires that the summons be delivered within the state to a person of suitable age and discretion at the defendant's "actual place of business, dwelling place or usual place of abode," along with a mailing of the summons to the defendant's last known residence or actual place of business. Personal jurisdiction is not acquired absent compliance with both the delivery and mailing requirements of the statute (see Wells Fargo Bank, N.A. v Heaven, 176 AD3d 761, 762; Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174).
At a hearing to determine the validity of service, the burden of proving the existence of personal jurisdiction is on the party asserting it (see Wilmington Trust Co. v Gewirtz, 193 AD3d 1110, 1112; Grand Pac. Mtge. Corp. v Pietranski, 175 AD3d 1503, 1505). Credibility determinations rendered by the Supreme Court as to the witnesses who have testified are entitled to great deference on appeal (see Grand Pac. Mtge. Corp. v Pietranski, 175 AD3d at 1505; Gottesman v Friedman, 90 AD3d 608, 609-610).
Here, Burke, the plaintiff's process server, testified that Bressler's daughter, Crystal Kelly, had stated at the time of service that Bressler lived at the subject property. Burke's testimony was consistent with the affidavit of service he had prepared and executed at that time. We defer to the credibility findings of the Supreme Court, and take no issue with the negative inference that it chose to draw from Crystal Kelly's failure to testify at the hearing (see Lefton v Freedman, 163 AD2d 360, 362 [negative inference drawn against defendant at hearing where the defendant was present but failed to testify in support of his wife's testimony about the service of process]).
On appeal, Bressler argues that personal jurisdiction was never acquired over him, as the subject property was, in fact, not actually his dwelling place or usual place of abode. Indeed, Bressler presented significant evidence in support of his motion and at the hearing that he resided not at the subject property in Mastic Beach, but at another location in Center Moriches. Bressler's motion was supported by several pieces of documentary evidence reflecting that his residence was located in Center Moriches. These documents included his driver license containing the Center Moriches address which was issued on a date that preceded the service of process, bills for tax, cable, and electric expenses, an automobile insurance renewal notice, and his voter registration information. Bressler testified at the hearing about his 40-year residency at his Center Moriches address, as corroborated by his driver license and a deed to that property. While any one piece of evidence, standing alone, may not establish that Bressler lived in Center Moriches at the time of service, the evidence possessed by the Supreme Court, viewed collectively, established that Bressler did not live at the subject property where service of process pursuant to CPLR 308(2) was effectuated.
The question raised by this appeal, therefore, is whether Crystal Kelly's representation to the process server that her father lived at the service address may override the greater quantum of evidence that he did not, in fact, live there. In other words, may a process server reasonably rely upon the representations of a family member at the service address, that the defendant actually dwells at that address, for service of process to be effectuated there? While the Supreme Court held that there can be such reasonable reliance for service of process to be effective, so as to implicitly excuse service at an incorrect address, we conclude that a representation, or misrepresentation, of a family member does not override the plain language of CPLR 308(2) that service be made at the defendant's actual "dwelling place or usual place of abode."
Process servers need not exercise due diligence to locate the defendant for personal delivery of the summons prior to effective service pursuant to CPLR 308(2), as service under this provision constitutes personal service (see generally Bank of Am., N.A. v Genzler, 188 AD3d at 635). Service may be made upon a person of suitable age and discretion at a defendant's actual place of business, dwelling place, or usual place of abode, with the requisite additional mailing, even upon the first attempt at service. In that respect, CPLR 308(2) is different from other methods of substituted service such as the "affix and mail" procedure of CPLR 308(4), where due diligence must be undertaken to serve the defendant under either CPLR 308(1) or (2) before resorting to that alternate method (see Faruk v Dawn, 162 AD3d 744, 745). However, even the convenience of CPLR 308(2), without the need for the process server to first undertake due diligence to locate the defendant, presupposes that the service address meets the requirements of the statute—that it be the actual place of business, dwelling place, or usual place of abode of the party to be served. As noted by the Court of Appeals, "[s]ervice of process is carefully prescribed by the Legislature, which affords litigants ample methods for serving natural persons. Regularity of process, certainty and reliability for all litigants and for the courts are highly desirable objectives to avoid generating collateral disputes" (Dorfman v Leidner, 76 NY2d 956, 958). These objectives are served by adhering to the statute, and are undermined by judicially engrafted exceptions to CPLR 308 (see Dorfman v Leidner, 76 NY2d at 958).
Indeed, recognized exceptions to following the precise language of CPLR 308 are few and far between. One exception is the concept of apparent authority when a recipient of process represents that he or she is authorized to accept service on behalf of an entity, when in fact such authority is lacking. Under those circumstances, service at a proper location, where the process server relies upon the apparent authority of the recipient to accept service, has been upheld (see Fashion Page v Zurich Ins. Co., 50 NY2d 265, 273; Pain Mgmt. Ctr. of N.J., P.C. v All Car Rent-A-Car, 57 Misc 3d 138[A], 2017 NY Slip Op 51310[U], *1 [App Term, 2d Dept, 11th & 13th Jud Dists]). Another exception involves estoppel, precluding a defendant from challenging the location and propriety of service of process if that defendant has engaged in affirmative conduct which misleads a party into serving process at an incorrect address (see U.S. Bank, N.A. v Tauber, 186 AD3d 1451, 1452). This exception is seen, for instance, when a defendant at an accident scene provides a driver license containing a former address, and service of process is then effected at the former address (see e.g. Treutlein v Gutierrez, 129 AD2d 791). Moreover, when a process server relies on Department of Motor Vehicles (hereinafter DMV) records which are inaccurate because the defendant failed to fulfill the statutory obligation of timely notifying DMV of a change of address, the defendant is estopped from raising a claim of defective service at the stale address (see Vehicle and Traffic Law § 505[5]; Mighty v Deshommes, 178 AD3d 912, 915; Itshaik v Singh, 165 AD3d 902, 903-904; Canelas v Flores, 112 AD3d 871, 872; Hidalgo v Cruiser Taxi Corp., 101 AD3d 950, 951). Yet another exception, inapplicable here, exists for circumstances where the defendant resists service under CPLR 308(1) and (2). Under such circumstances, the summons may be left in the general vicinity of the defendant without an actual hand-to-hand delivery to the recipient (see Bossuk v Steinberg, 58 NY2d 916, 918; Sandella v Hill, 166 AD3d 924; Hall v Wong, 119 AD3d 897).
For a defendant to be estopped from raising a claim of defective service, the conduct misleading the process server must be the defendant's conduct, as distinguished from conduct of a third party (see Feinstein v Bergner, 48 NY2d 234, 241 [defendant's father's forwarding a copy of mail service to the defendant, rather than returning it to the plaintiff, does not estop the defendant from contesting improper service]; Continental Hosts v Levine, 170 AD2d 430; Borges v Entra Am., [*3]Inc., 7 Misc 3d 1032[A], 2006 NY Slip Op 50845[U], *6 [Civ Ct, NY County]).
Here, Crystal Kelly did not misrepresent "who" could accept service of process in the sense of an apparent authority exception to CPLR 308. Crediting Burke's hearing testimony, as did the Supreme Court, Crystal Kelly instead made a representation, or perhaps a misrepresentation, about "where" Bressler resided, which was then relied upon by the process server. Estoppel does not bar Bressler from arguing that he lived at an address other than the subject property, as the statement relied upon by the process server about where he lived was not uttered by him but by a third person (see Feinstein v Bergner, 48 NY2d at 241; Continental Hosts v Levine, 170 AD2d at 430; Professional Billing Resources v Haddad, 183 Misc 2d 829, 835 [Civ Ct, NY County] [defendant not estopped from contesting service under CPLR 308(1) where business employee claimed to be the defendant and accepted service, where the defendant was not present for the misrepresentation]).
Since the other evidence in the record credibly established that Bressler did not in fact live at the subject property, the statement by Crystal Kelly that Bressler lived at the subject property was not sufficient to support a finding that it was Bressler's dwelling place or usual place of abode. In Silvering v Sunrise Family Med., P.C. (161 AD3d 1021), the plaintiff failed to establish valid service at the defendant's actual place of business under CPLR 308(2), as the defendant was no longer employed at the service location at the time of service despite the acceptance of the summons there. Similarly, in Continental Hosts v Levine (170 AD2d 430), where an employee at a business accepted service for a defendant who had previously sold the business and retired, this Court held that personal jurisdiction was never obtained over the defendant, as the service location was not the defendant's "actual place of business" as required by CPLR 308(2). In other words, an acceptance of service by a person of suitable age and discretion is invalid if the service address is not, in fact, the defendant's actual place of business, dwelling place, or usual place of abode. That is exactly what occurred here. The process server must perform a proper inquiry to determine the defendant's actual place of business, dwelling place, or usual place of abode, which under CPLR 308 must be correct absent very limited exceptions not applicable here. In this case, there is a dispositive distinction between what Crystal Kelly said at the time of the service from what Bressler's dwelling place apparently was in fact.
Further, Burke's belief that he was effecting service at a proper address, however reasonable it might have been based on what was told to him by Crystal Kelly, is not relevant to whether the service was at a qualifying location under CPLR 308(2). A mere statement by the person of suitable age and discretion that a defendant lives or works at the service address does not transform an improper service address into a proper one, given how exacting the Legislature has prescribed the methods of service and the need for courts and litigants to have certainty and reliability in how the law is applied in order to avoid generating collateral disputes over these matters (see Dorfman v Leidner, 76 NY2d at 958). A misrepresentation about one's authority to accept service may sometimes be relied upon to establish proper service based on apparent authority, but a misrepresentation as to place cannot be so relied upon—unless the defendant is the party engaging in the misleading conduct so as to trigger an estoppel.
The occupancy rider executed by Bressler requires no contrary result, as its stated purpose was to contractually authorize a sale of the mortgaged premises or financial adjustments to the note in the event Bressler were to reside elsewhere. Moreover, the occupancy rider merely conveyed Bressler's "inten[t]" to live at the subject property within 60 days of his execution of the mortgage documents. A statement of future intent is not tantamount to proof of actually dwelling at the subject property, as intents may be changed and as the occupancy rider envisioned adjustments to the note in the event Bressler were to live elsewhere. Likewise, paragraph 13 of the note, which directs that notices be sent to the mortgaged premises by first-class mail, pertains to ministerial "notices . . . provided for in this Security Instrument," which is not a contractual opt-out of the service of process rules of CPLR 308.
IV. Conclusion
While Burke's credible testimony established the plaintiff's prima facie burden of proving that process was properly served, Bressler's evidence established that process was not effectuated at a location authorized by CPLR 308(2). Any statements uttered by Crystal Kelly that [*4]Bressler lived at the subject property do not fit into any recognized exception to the requirements of CPLR 308(2) that service be effected at a defendant's actual place of business, dwelling place, or usual place of abode. Accordingly, we reverse the order and judgment of foreclosure and sale, grant those branches of Bressler's motion which were pursuant to CPLR 5015(a)(4) to vacate the order of reference and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and deny the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale.
The appeal from the order dated December 18, 2017, is dismissed, the order and judgment of foreclosure and sale is reversed, on the law, those branches of Bressler's motion which were pursuant to CPLR 5015(a)(4) to vacate the order of reference and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction are granted, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the order dated December 18, 2017, is modified accordingly.
CHRISTOPHER, WOOTEN and ZAYAS, JJ., concur.
ORDERED that the appeal from the order dated December 18, 2017, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the motion of the defendant Edward J. Bressler which were pursuant to CPLR 5015(a)(4) to vacate the order of reference dated April 16, 2015, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction are granted, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the order dated December 18, 2017, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Edward J. Bressler.
ENTER:
Maria T. Fasulo
Clerk of the Court