Federal Natl. Mtge. Assn. v Smith (2023 NY Slip Op 04447)

Federal Natl. Mtge. Assn. v Smith

2023 NY Slip Op 04447

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
BETSY BARROS
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER, JJ.

2019-14514
 (Index No. 512273/16)

[*1]Federal National Mortgage Association, respondent,
v
Kevin Smith, et al., appellants, et al., defendants.

Derryl Zimmerman, Bronx, NY, for appellants.
Miller, Rosado & Algios, LLP, Garden City, NY (Neil A. Miller and Christopher Rosado of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to compel the Office of the New York City Register, Kings County, to accept for recording copies of a deed, a gap mortgage, and a consolidation, extension, and modification agreement, the defendants Kevin Smith and Charifa Clark appeal from a judgment of the Supreme Court, Kings County (Wavny Toussaint, J.), dated November 13, 2019. The judgment, insofar as appealed from, upon an order of the same court (Miriam P. Sunshine, Ct. Atty. Ref.) dated August 28, 2019, and an amended order of the same court (Miriam P. Sunshine, Ct. Atty. Ref.) dated September 26, 2019, made after a hearing to determine the validity of service of process upon the defendants Kevin Smith and Charifa Clark, inter alia, granting that branch of the plaintiff's motion which was for leave to enter a default judgment against those defendants and denying that branch of those defendants' cross-motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them, directed the Office of the New York City Register, Kings County, to accept for recording copies of the subject deed, gap mortgage, and consolidation, extension, and modification agreement.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendants Kevin Smith and Charifa Clark is denied, that branch of those defendants' cross-motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them is granted, and the order and the amended order are modified accordingly.
In July 2016, the plaintiff commenced this action, inter alia, to compel the Office of the New York City Register, Kings County, to accept for recording copies of (1) a deed executed by [*2]the defendant Kevin Smith conveying certain real property located in Brooklyn to himself and his wife, the defendant Charifa Clark (hereinafter together the defendants), (2) a gap mortgage on the property executed by the defendants, and (3) a consolidation, extension, and modification agreement (hereinafter the CEMA) executed by the defendants. The plaintiff alleged that the originals of those documents were not recorded because they were lost or destroyed. In February 2017, the plaintiff moved pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendants and to extend the time to file proof of service nunc pro tunc. The defendants cross-moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. In March 2017, the plaintiff withdrew its motion, and the defendants' cross-motion was marked off of the Supreme Court's calendar.
In April 2017, the plaintiff filed an amended complaint, and in August 2017, the plaintiff moved, inter alia, pursuant to CPLR 306-b to extend the time to serve the defendants, to extend the time to file proof of service nunc pro tunc, and for leave to enter a default judgment against the defendants based on their failure to answer the amended complaint. The defendants opposed the motion and cross-moved, inter alia, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them on various grounds, including lack of personal jurisdiction. The Supreme Court referred the matter to a referee to hear and determine the validity of service of process upon the defendants and the issues presented in the plaintiff's motion and the defendants' cross-motion.
After a hearing, the referee determined that service of process was properly effectuated on the defendants pursuant to CPLR 308(2). The referee, inter alia, granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendants and denied that branch of the defendants' cross-motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them. Thereafter, the Supreme Court issued a judgment, inter alia, directing the Office of the New York City Register, Kings County, to accept for recording copies of the deed, the gap mortgage, and the CEMA. The defendants appeal.
The defendants' appeal from the judgment "brings up for review those issues which necessarily affect the final judgment, including the court's determination rendered after the conclusion of the hearing to determine the validity of service of process" (Everbank v Kelly, 203 AD3d 138, 142; see CPLR 5501[a]).
"A court lacks personal jurisdiction over a defendant who is not properly served with process" (Everbank v Kelly, 203 AD3d at 142; see Nationstar Mtge., LLC v Esdelle, 186 AD3d 1384, 1386; Krisilas v Mount Sinai Hosp., 63 AD3d 887, 889). "When it is determined that process was ineffective, all subsequent proceedings are rendered null and void as to that party" (Everbank v Kelly, 203 AD3d at 143; see Nationstar Mtge., LLC v Esdelle, 186 AD3d at 1386; Krisilas v Mount Sinai Hosp., 63 AD3d at 889). "[S]ervice of process upon a natural person must be made in strict compliance with the methods of service set forth in CPLR 308" (Everbank v Kelly, 203 AD3d at 143; see Bank of Am., N.A. v Genzler, 188 AD3d 634, 636; Indymac Fed. Bank, FSB v Jones, 173 AD3d 702, 703). "Service of process under CPLR 308(2) . . . requires that the summons be delivered . . . to a person of suitable age and discretion at the defendant's 'actual place of business, dwelling place or usual place of abode,' along with a mailing of the summons to the defendant's last known residence or actual place of business" (Everbank v Kelly, 203 AD3d at 143). "At a hearing to determine the validity of service, the burden of proving the existence of personal jurisdiction is on the party asserting it," and that party must sustain that burden by a preponderance of the credible [*3]evidence (id.; see Wilmington Trust Co. v Gewirtz, 193 AD3d 1110, 1112; Grand Pac. Mtge. Corp. v Pietranski, 175 AD3d 1503, 1505).
The plaintiff contends that the defendants were validly served with process in Oklahoma in accordance with CPLR 308(2). At the hearing, the plaintiff made an application pursuant to CPLR 4531 to admit two amended affidavits of service into evidence, contending that the Oklahoma-based process server could not be compelled with due diligence to testify at the hearing in New York, and the referee granted the application. Contrary to the defendants' contention, the testimony adduced at the hearing, along with the evidence introduced by the plaintiff, supported the referee's finding that the process server could not be compelled with due diligence to attend the hearing (see id.). Thus, the process server's amended affidavits of service were properly admitted into evidence and constituted prima facie proof of proper service upon the defendants (see Tribeca Lending Corp. v Moogan, 190 AD3d 779, 781; Koyenov v Twin-D Transp., Inc., 33 AD3d 967, 969).
However, Clark's testimony and the certified records issued by the State of Oklahoma, which were introduced by the defendants at the hearing, established that the service address was not the defendants' "actual. . . dwelling place or usual place of abode" on the date of service (CPLR 308[2]). Further, a "mere statement by the person of suitable age and discretion that a defendant lives or works at the service address does not transform an improper service address into a proper one" (Everbank v Kelly, 203 AD3d at 147).
As service was not effectuated upon the defendants in accordance with CPLR 308(2), we reverse the judgment insofar as appealed from, deny that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendants, and grant that branch of the defendants' cross-motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them on the ground of lack of personal jurisdiction.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
LASALLE, P.J., BARROS, BRATHWAITE NELSON and MILLER, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court