Pil Yong Yoo v Good Clean Fun (2023 NY Slip Op 06393)

Pil Yong Yoo v Good Clean Fun

2023 NY Slip Op 06393

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2022-00141
 (Index No. 509909/20)

[*1]Pil Yong Yoo, appellant, 
v
Good Clean Fun, defendant, Samuel K. Combs, respondent.

Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant.
Silverman Acampora, LLP, Jericho, NY (Anthony C. Acampora and William Bergesch of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Miriam P. Sunshine, Ct. Atty. Ref.), dated January 4, 2022. The order, following a hearing to determine the validity of service of process, in effect, granted the motion of the defendant Samuel K. Combs pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order is affirmed, with costs.
In June 2020, the plaintiff commenced this action to recover damages for personal injuries against, among others, the defendant Samuel K. Combs (hereinafter the defendant). Thereafter, the defendant moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. In an order dated January 4, 2022, made after a hearing to determine the validity of service of process, the Supreme Court, in effect, granted the defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him. The plaintiff appeals.
"A court lacks personal jurisdiction over a defendant who is not properly served with process" (Everbank v Kelly, 203 AD3d 138, 142; see Nationstar Mtge., LLC v Esdelle, 186 AD3d 1384, 1386). "[S]ervice of process upon a natural person must be made in strict compliance with the methods of service set forth in CPLR 308" (Everbank v Kelly, 203 AD3d at 143; see Bank of Am., N.A. v Genzler, 188 AD3d 634, 636). "Service of process under CPLR 308(2) . . . requires that the summons be delivered . . . to a person of suitable age and discretion at the defendant's 'actual place of business, dwelling place or usual place of abode,' along with a mailing of the summons to the defendant's last known residence or actual place of business" (Everbank v Kelly, 203 AD3d at 143). "At a hearing on the validity of service of process, the plaintiff bears the burden of proving personal jurisdiction by a preponderance of the evidence" (Godwin v Upper Room Baptist Church, 175 AD3d 1500, 1501). "In reviewing a determination made after a hearing, this Court's authority is as broad as that of the hearing court, and this Court may render the determination it finds warranted by the facts, taking into account that in a close case, the hearing court had the advantage of seeing the [*2]witnesses" (Wells Fargo Bank, NA v Burshstein, 172 AD3d 1436, 1437 [internal quotation marks omitted]).
Here, the plaintiff failed to demonstrate by a preponderance of the evidence that the defendant was properly served with the summons and complaint pursuant to CPLR 308(2). The hearing evidence established that the address at which the defendant was purportedly served pursuant to CPLR 308(2) was neither his actual dwelling place nor his usual place of abode, and that the defendant permanently resided in Belize as of the purported dates of service (see Webb v Pearce, 114 AD3d 671, 672; Bank One Natl. Assn. v Osorio, 26 AD3d 452, 453).
Contrary to the plaintiff's contention, the defendant's failure to update his address with the Department of Motor Vehicles, standing alone, did not estop him from contesting service (see Castillo-Florez v Charlecius, 220 AD3d 1).
Accordingly, the Supreme Court properly, in effect, granted the defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
DUFFY, J.P., MILLER, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court