Matter of Lester Korinman Kamran & Masini, P.C. v Davis (2024 NY Slip Op 02706)

Matter of Lester Korinman Kamran & Masini, P.C. v Davis

2024 NY Slip Op 02706

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2021-09376
 (Index No. 712964/21)

[*1]In the Matter of Lester Korinman Kamran & Masini, P.C., etc., et al., respondents,
v
Vameershala Davis, appellant.

Biolsi Law Group, P.C., New York, NY (Joseph A. Jacobson and Steven Alexander Biolsi of counsel), for appellant.
Lester Korinman Kamran & Masini, P.C., Garden City, NY (Gabriel R. Korinman of counsel), respondent pro se and for respondent Roy J. Lester.

DECISION & ORDER
In a proceeding pursuant to CPLR article 52 to direct the Sheriff of Queens County to dispose of certain real property to enforce a money judgment, Vameershala Davis appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered December 20, 2021. The order granted the petition and, in effect, denied Vameershala Davis's cross-motion pursuant to CPLR 3211(a)(8) to dismiss the petition for lack of personal jurisdiction.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine whether Vameershala Davis was properly served with process and, thereafter, for a new determination of the petition and of Vameershala Davis's cross-motion pursuant to CPLR 3211(a)(8) to dismiss the petition for lack of personal jurisdiction.
Lester & Associates, P.C., and Roy J. Lester previously obtained a money judgment against Vameershala Davis (hereinafter the appellant). In June 2021, the petitioners, Lester Korinman Kamran & Masini, P.C., formerly known as Lester & Associates, P.C., and Lester, commenced this proceeding pursuant to CPLR article 52 to direct the Sheriff of Queens County to dispose of certain real property to enforce the money judgment. The affidavit of service by the process server averred that the appellant was served with copies of the notice of petition and petition by substituted service pursuant to CPLR 308(2). Specifically, the affidavit of service recited that, on June 10, 2021, copies of those papers were delivered to Betty Davis, a person of suitable age and discretion, at 186-13 Foch Boulevard, St. Albans (hereinafter the Foch Boulevard property), and purported that the Foch Boulevard property was the appellant's "dwelling house (usual place of abode)." The affidavit of service further recited that additional copies of the notice of petition and petition were mailed to the appellant at the Foch Boulevard property on June 11, 2021. In September 2021, the appellant cross-moved pursuant to CPLR 3211(a)(8) to dismiss the petition for lack of personal jurisdiction. In an order entered October 26, 2021, the Supreme Court granted the petition and denied the appellant's cross-motion. Thereafter, in an order entered December 20, 2021, the court granted the petition and, in effect, denied the cross-motion. This appeal ensued.
A court lacks personal jurisdiction over a defendant who is not properly served with process (see Everbank v Kelly, 203 AD3d 138, 142; Nationstar Mtge, LLC v Esdelle, 186 AD3d [*2]1384, 1386). Service of process upon a natural person must be made in strict compliance with the methods of service set forth in CPLR 308 (see Everbank v Kelly, 203 AD3d at 143; Bank of Am., N.A. v Genzler, 188 AD3d 634, 635). Service of process under CPLR 308(2), which is at issue here, requires that the summons be delivered within the state to a person of suitable age and discretion at the defendant's "actual place of business, dwelling place or usual place of abode," along with a mailing of the summons to the defendant's last known residence or actual place of business (see Everbank v Kelly, 203 AD3d at 143). "[S]ervice 'is invalid if the service address is not, in fact, the defendant's actual place of business, dwelling place, or usual place of abode'" (Hudson Val. Bank, N.A. v Eagle Trading, 208 AD3d 648, 649-650, quoting Everbank v Kelly, 203 AD3d at 147).
Here, although the process server's affidavit of service constituted prima facie evidence of proper service, the appellant's sworn claim that she did not reside at the Foch Boulevard property, along with the submission of documentary evidence supporting that claim, was sufficient to rebut the prima facie showing (see Nationstar Mtge., LLC v Esdelle, 186 AD3d at 1387; U.S. Bank, N.A. v Tauber, 140 AD3d 1154, 1155; Dime Sav. Bank of Williamsburg v 146 Ross Realty, LLC, 106 AD3d 863, 864). Through an attorney's affidavit submitted in opposition to the cross-motion, the petitioners acknowledged that the Foch Boulevard property was not the appellant's actual dwelling place or usual place of abode but asserted, for the first time, that the property was the appellant's actual place of business. The petitioners' submissions in opposition to the cross-motion failed to establish that service was proper.
Consequently, the Supreme Court should have conducted a hearing in order to resolve the appellant's jurisdictional objection before granting the petition and before denying the appellant's cross-motion pursuant to CPLR 3211(a)(8) to dismiss the petition (see Bank of Am., N.A. v Lewis, 190 AD3d 910, 911; Nationstar Mtge., LLC v Esdelle, 186 AD3d at 1387-1388; U.S. Bank, N.A. v Tauber, 140 AD3d at 1155).
DUFFY, J.P., WOOTEN, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court