Citimortgage, Inc. v Leitman (2024 NY Slip Op 05955)

Citimortgage, Inc. v Leitman

2024 NY Slip Op 05955

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
HELEN VOUTSINAS
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-00619
 (Index No. 516134/22)

[*1]Citimortgage, Inc., appellant, 
v
Joseph Leitman, respondent, et al., defendants.

Davidson Fink LLP, Rochester, NY (Richard N. Franco of counsel), for appellant.
Solomon Rosengarten, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated November 14, 2022. The order, insofar as appealed from, granted the motion of the defendant Joseph Leitman pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a mortgage against the defendant Joseph Leitman (hereinafter the defendant), among others. The affidavit of service indicated that the defendant was served by delivering a copy of the summons and complaint to E. L., a family member at the defendant's dwelling place. The defendant answered the complaint and asserted, as a first affirmative defense, that the court lacked personal jurisdiction over him because the summons and complaint was not served upon a person of suitable age and discretion. The defendant then moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him on that ground. In support of the motion, the defendant submitted an affirmation of a treating physician, who attested that E. L. had a brain and spinal tumor, seizures, and developmental delay, such that his mental capacity was equal to that of an eight-year-old child. In opposition to the motion, the plaintiff did not dispute the defendant's contention that E. L. was not a person of suitable discretion upon whom substituted service could be made pursuant to CPLR 308(2), but rather contended that the defendant clearly was "aware of the action" and that the plaintiff had a meritorious cause of action. The plaintiff also cross-moved pursuant to CPLR 306-b for an extension of time to serve the defendant with the summons and complaint. In the order appealed from, the Supreme Court granted the defendant's motion and denied the plaintiff's cross-motion. The plaintiff appeals from so much of the order as granted the defendant's motion.
A court lacks personal jurisdiction over a defendant who is not properly served with process (see Castillo-Florez v Charlecius, 220 AD3d 1, 5; Everbank v Kelly, 203 AD3d 138, 142). Service of process upon a natural person must be made in strict compliance with the methods of service set forth in CPLR 308 (see Castillo-Florez v Charlecius, 220 AD3d at 5; Everbank v Kelly, 203 AD3d at 142). "[T]he fact that a defendant has received prompt notice of the action is of no moment. Notice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court" (Macchia v Russo, 67 NY2d 592, 595 [citation omitted]). As [*2]relevant here, CPLR 308(2) allows for service to be made upon a natural person by delivering the summons to a person of "suitable age and discretion" at the actual dwelling place of the person to be served. "'The person to whom delivery is made must objectively be of sufficient maturity, understanding and responsibility under the circumstances so as to be reasonably likely to convey the summons to the defendant'" (Roldan v Thorpe, 117 AD2d 790, 791, quoting City of New York v Chemical Bank, 122 Misc 2d 104, 108 [Sup Ct, NY County]; see Costine v St. Vincent's Hosp. & Med. Ctr. of N.Y., 173 AD2d 422, 422).
Contrary to the plaintiff's contention, the Supreme Court properly determined that the plaintiff did not contest the defendant's assertion that E. L. was not a person of suitable age and discretion upon whom substitute service could be made pursuant to CPLR 308(2) in opposition to the defendant's motion. The plaintiff's remaining contentions are improperly raised for the first time on appeal. The defendant's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., VOUTSINAS, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court