Flatow v Goddess Sanctuary & Spa Corp. (2024 NY Slip Op 06029)

Flatow v Goddess Sanctuary & Spa Corp.

2024 NY Slip Op 06029

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2021-07607
2022-01091
 (Index No. 609628/20)

[*1]Melissa Flatow, respondent, 
v
Goddess Sanctuary & Spa Corporation, et al., appellants, et al., defendants.

Nicolini, Paradise, Ferretti & Sabella, PLLC, Mineola, NY (Sandra J. LePorin and John Ferretti of counsel), for appellants.
Thomas Counselors at Law, LLC, New York, NY (Kathleen R. Thomas of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Goddess Sanctuary & Spa Corporation and Tatiana Batin appeal from (1) an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), dated August 19, 2021, and (2) an order of the same court dated December 16, 2021. The order dated August 19, 2021, insofar as appealed from, directed a hearing to determine the validity of service of process. The order dated December 16, 2021, after the hearing, denied that branch of those defendants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the amended complaint insofar as asserted against them for lack of personal jurisdiction.
ORDERED that the appeal from the order dated August 19, 2021, is dismissed, as no appeal lies as of right from an order directing a hearing to aid in the disposition of a motion (see (see CPLR 5701[a][2]), and we decline to grant leave to appeal; and it is further,
ORDERED that the order dated December 16, 2021, is reversed, on the facts, and that branch of the motion of the defendants Goddess Sanctuary & Spa Corporation and Tatiana Batin which was pursuant to CPLR 3211(a)(8) to dismiss the amended complaint insofar as asserted against them for lack of personal jurisdiction is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendants Goddess Sanctuary & Spa Corporation and Tatiana Batin.
On November 9, 2017, the plaintiff allegedly was sexually abused by an employee of the defendant Goddess Sanctuary & Spa Corporation (hereinafter Goddess) during a massage. In September 2020, the plaintiff commenced this action to recover damages for personal injuries against, among others, Goddess and its owner, the defendant Tatiana Batin (hereinafter together the defendants). Thereafter, the defendants moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the amended complaint insofar as asserted against them for lack of personal jurisdiction based on improper service of process. In an order dated August 19, 2021, the Supreme Court, among other things, directed a hearing to determine the validity of service of process. In an order dated December [*2]16, 2021, made after the hearing, the court denied that branch of the defendants' motion. The defendants appeal.
"'A court lacks personal jurisdiction over a defendant who is not properly served with process'" (Federal Natl. Mtge. Assn. v Smith, 219 AD3d 938, 940, quoting Everbank v Kelly, 203 AD3d 138, 142). "'When it is determined that process was ineffective, all subsequent proceedings are rendered null and void as to that party'" (id., quoting Everbank v Kelly, 203 AD3d at 143). "'[S]ervice of process upon a natural person must be made in strict compliance with the methods of service set forth in CPLR 308'" (id. at 940-941, quoting Everbank v Kelly, 203 AD3d at 143; see Bank of Am., N.A. v Genzler, 188 AD3d 634, 636). "'Service of process under CPLR 308 (2) . . . requires that the summons be delivered . . . to a person of suitable age and discretion at the defendant's 'actual place of business, dwelling place or usual place of abode,' along with a mailing of the summons to the defendant's last known residence or actual place of business'" (Federal Natl. Mtge. Assn. v Smith, 219 AD3d at 941, quoting Everbank v Kelly, 203 AD3d at 143). "'At a hearing to determine the validity of service, the burden of proving the existence of personal jurisdiction is on the party asserting it,' and that party must sustain that burden by a preponderance of the credible evidence" (id., quoting Everbank v Kelly, 203 AD3d at 143; see Wilmington Trust Co. v Gewirtz, 193 AD3d 1110, 1112).
Here, the plaintiff failed to demonstrate by a preponderance of the evidence that Batin was properly served with the summons and complaint pursuant to CPLR 308(2). The hearing evidence established that the address at which Batin was purportedly served pursuant to CPLR 308(2) was neither her actual dwelling place nor her usual place of abode as of the purported date of service (see Pil Yong Yoo v Good Clean Fun, 222 AD3d 793, 795; Federal Natl. Mtge. Assn. v Smith, 219 AD3d at 941). Contrary to the Supreme Court's determination, "'[e]ven if a defendant eventually acquires actual notice of the lawsuit, actual notice alone will not sustain the service or subject a person to the court's jurisdiction when there has not been compliance with prescribed conditions of service'" (Bank of N.Y. Mellon v Ziangos, 194 AD3d 778, 780, quoting Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343, 344).
Furthermore, the plaintiff failed to demonstrate by a preponderance of the evidence that Goddess was properly served pursuant to CPLR 311(a)(1), which required delivery of the summons and complaint to "an officer, director, managing or general agent, or . . . any other agent authorized . . . to receive service." "Personal service on a corporation must be made to one of the persons authorized by the statute to accept service, and an attempt to serve such person by substitute service pursuant to CPLR 308(2) or (4) will be insufficient to acquire jurisdiction over the corporation" (Finnegan v Trimarco, 173 AD3d 691, 693; see Lakeside Concrete Corp. v Pine Hollow Bldg. Corp., 104 AD2d 551, 551-552, affd 65 NY2d 865). Here, even assuming, arguendo, that Batin had been properly served pursuant to CPLR 308(2), substituted service upon her pursuant to CPLR 308(2) would be insufficient to acquire personal jurisdiction over Goddess, as CPLR 311(a)(1) requires personal service directly upon a corporate representative (see Finnegan v Trimarco, 173 AD3d at 693).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the amended complaint insofar as asserted against them for lack of personal jurisdiction.
MILLER, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court