Cooper v Ray Cooper Realty Inc. Profit Sharing Plan (2025 NY Slip Op 50005(U))

[*1]

Cooper v Ray Cooper Realty Inc. Profit Sharing Plan

2025 NY Slip Op 50005(U)

Decided on January 9, 2025

Supreme Court, Nassau County

Kapoor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 9, 2025
Supreme Court, Nassau County

Doreen Cooper, Plaintiff,

against
Ray Cooper Realty Inc. Profit Sharing Plan, RAY COOPER REALTY INC., 
 and SCHWEITZER & COMPANY LLC, Defendants.

Index No. 615322/2023

Sarika Kapoor, J.

NYSCEF docs. 4-14 were read and considered in deciding this motion. 
Relief Requested
The plaintiff moves pursuant to CPLR 3215 for leave to enter a default judgment in her favor and against the defendants, Ray Cooper Realty, Inc. Profit Sharing Plan (hereinafter the plan); Ray Cooper Realty, Inc. (hereinafter Cooper Realty); and Schweitzer & Company LLC (hereafter Schweitzer), jointly and severally: (i) declaring her to be the sole beneficiary of the plan; (ii) appointing her as the sole successor plan administrator and as the sole successor trustee of the plan; (iii) directing the plan administrator to direct the trustee to make distributions to the plaintiff as directed by plaintiff; (iv) granting plaintiff attorneys' fees, costs and disbursements; (v) directing Schweitzer to provide the plaintiff with the following documents: (a) the most recent version of the plan, with all amendments adopted thereto; (b) the most recent IRS determination letter regarding the qualified tax status of the plan; (c) the most recent Internal Revenue Service Form 5500-EZ that had been prepare and filed on behalf of the plan; and (d) the most recent financial information relating to the plan, including identifying all assets owned by the plan, and showing the names of all financial institutions holding plan assets, including showing all account numbers and values.

Background
This action was commenced on September 21, 2023, by the electronic filing of the summons with notice dated September 21, 2023. 
The notice provides, inter alia, that the plaintiff, upon the death of Ray Cooper (hereinafter the decedent), is the sole beneficiary of the plan and is entitled to all distributions therefrom; that Cooper Realty is the sponsor of the plan and has an obligations to designate a successor trustee of the plan and has failed to do so; and that Schweitzer is the plan administrator and has the obligation to make distributions from the plan in accordance with its terms. The notice further provides that the plaintiff seeks a judgment (1) declaring her to be the sole beneficiary of the plan, (2) appointing her as successor trustee of the plan, (3) directing the plan administrator to make distributions to the plaintiff, (4) granting the plaintiff attorneys' fees, costs and disbursements, and (5) for such other relief as the Court deems just and proper.
None of the defendants has appeared.
To date, no complaint has been filed.

 Motion Sequence 001
In an attorney affirmation submitted in support of the motion, counsel for the plaintiff avers that, after duly filing the summons with notice, the defendants were served as follows:
a. The plan was served at its last known place of business located at 110 Lawnwood Road, Cary, North Carolina 27519 on or about October 9, 2023, and subsequently through the New York State Secretary of State on or about October 11, 2023. b. Cooper Realty was served at its last known place of business located at 110 Lawnwood Road, Cary, North Carolina 27519, on or about October 9, 2023, and subsequently through the New York State Secretary of State on or about October 11, 2023.
c. Schweitzer was served on or about September 26, 2023 through the New York State Secretary of State.
Counsel adds that, to date, the defendants have not responded to the summons with notice, nor have they appeared in the instant action. Additionally, counsel contends that the time within which the defendants should have appeared and demanded the service of a complaint has long expired. No request for an extension of time has been made or granted. Further, the defendnats have not contacted plaintiff's counsel's office to settle the instant action.
In an affirmation submitted in support of the motion, the plaintiff contends that, pursuant to the terms of the plan, upon the decedent's death, she is the sole beneficiary of the plan, and is entitled to all distributions therefrom. She further states that for the year ending December 2020, the plan held more than $984,000 in assets. The plaintiff adds that Cooper Realty is the sponsor of the plan and has the obligation to designate a successor trustee for the plan and has failed to do so. Additionally, the plaintiff states that she has been advised by her attorney that the plan administrator, Schweitzer, has the obligation to direct that distributions be made from the plan in accordance with its terms and conditions. Therefore, she submits, it became necessary to commence this action.
Attached as exhibits to the plaintiff's affirmation are the summons with notice; affidavits of service for the plan, Cooper Realty, and Schweitzer; a copy of the plan; a copy of the decedent's death certificate; and documents purporting to show the plan's assets.
Two affidavits of service were submitted for the plan (NYSCEF 8). The first affidavit of service indicates that the plan was served by affix and mail, after attempts were made to serve a person authorized to accept service on Tuesday, September 26, 2023 at 7:18 p.m.; Thursday, September 29, 2023 at 8:41 a.m.; and Monday, October 9, 2023 (Columbus Day), at 4:37 p.m. The second affidavit of service indicates that the plan was served via service upon the Secretary of State pursuant to Business Corporation Law § 306 on October 11, 2023.
Two affidavits of service were submitted for Cooper Realty (NYSCEF 9). The first affidavit of service indicates that Cooper Realty was served by affix and mail, after attempts were made to serve a person authorized to accept service on Tuesday, September 26, 2023 at 7:18 p.m.; Thursday, September 29, 2023 at 8:41 a.m.; and Monday, October 9, 2023 (Columbus Day), at 4:37 p.m. The second affidavit of service indicates that Copper Realty was served via service upon the Secretary of State pursuant to Business Corporation Law § 306 on October 11, 2023.
One affidavit of service was submitted for Schweitzer (NYSCEF 10), which indicates that Schweitzer was served via service upon the Secretary of State pursuant to Limited Liability Corporation Law § 303 on September 26, 2023.
The copy of the plan submitted in support of the motion indicates, inter alia, in section 7.04(a), that the spouse of a married participant to the plan shall be the sole beneficiary of such participant, unless certain requirements of subsection 7.04(b) are met. The plan also provides for the timing and form of distributions to be made on account of the participant's death, which are determined based upon a variety of factors.
The copy death certificate submitted in support of the motion indicates, inter alia, that the decedent was married at the time of death and that his spouse's name was Doreen Pergola.

 Discussion
"On a motion for leave to enter a default judgment against a defendant for failure to appear in an action, a plaintiff must submit evidence of service of the summons with notice, evidence of the facts constituting the cause of action, and evidence of the defendant's default" (Luo v Wang, 176 AD3d 1016, 1017; see CPLR 3215[f]). "'A default judgment in a declaratory judgment action will not be granted on the default and pleadings alone for it is necessary that plaintiff establish a right to a declaration'" (Peak Prop. & Cas. Ins. Corp. v Rodriguez, 230 AD3d 512, 514 [2d Dept 2024], quoting Ameriprise Ins. Co. v Kim, 185 AD3d 995, 996 [2d Dept 2020]).
Here, the affidavits of service submitted in support of the motion fail to establish that the plan and Cooper Realty were properly served. 
First, service of process upon the plan and Cooper Realty by affix and mail "was ineffective because that method of service is only appropriate in serving individuals, not corporate entities," even when the service on the corporation is being effectuated through one of its officers (Knopf v Sanford, 132 AD3d 416, 417 [1st Dept 2017]; see Flatow v Goddess Sanctuary & Spa Corp., ___ AD3d ___, ___; 2024 NY Slip Op 06029, *2 [2d Dept 2024]; Finnegan v Trimarco, 173 AD3d 691, 693 [2d Dept 2019]; Lakeside Concrete Corp. v Pine Hollow Bldg. Corp., 104 AD2d 551, 551-552 [2d Dept 1984]; see also Nesterov v Kvadro S. Corp., 2021 US Dist LEXIS 65448, *8 [ED NY 2021]). 
Second, service of process upon the plan and Cooper Realty by service upon the [*2]Secretary of State pursuant to Business Corporation Law § 306 was ineffective. "To obtain a default judgment against a corporation which has been served with process pursuant to Business Corporation Law § 306, a plaintiff must mail an additional copy of the summons and complaint to the corporation 'at its last known address at least twenty days before entry of judgment'" by first class mail (Schilling v Maren Enters., 302 AD2d 375, 376 [2d Dept 2003], quoting CPLR 3215[g][4][i]). Here, the plaintiff failed to submit any proof of compliance with CPLR 3215(g)(4)(i). 
Accordingly, those branches of the plaintiff's motion which are pursuant to CPLR 3215 for leave to enter a default judgment against the plan and Cooper Realty must be denied.
The remainder of the plaintiff's motion must also be denied. The primary relief sought in the motion is a declaration that the plaintiff is the sole beneficiary of the plan, and the remaining relief sought in the motion is dependent upon that declaration. Since this Court has no jurisdiction over the plan and, therefore, cannot make such a declaration, this Court cannot grant the remaining relief sought (see generally Lombardo v Tag Ct. Sq., LLC, 126 AD3d 949, 951 [2d Dept 2015]; LoGerfo v Trustees of Columbia Univ. in City of NY, 97 AD3d 547, 548 [2d Dept 2012]; Guarino v North Country Mtge. Banking Corp., 79 AD3d 805, 807 [2d Dept 2010]).
In light of this determination, the plaintiff's remaining contentions need not be reached.

 Conclusion
Based on the foregoing, it is hereby
ORDERED that the plaintiff's motion, inter alia, pursuant to CPLR 3215 for leave to enter a default judgment is DENIED IN ITS ENTIRETY.
Any request for relief not specifically granted herein is DENIED.
This shall constitute the decision and order of this Court.
Dated: January 9, 2025
Mineola, New York
E N T E R :
HON. SARIKA KAPOOR, A.J.S.C.